STATE OF NORTH CAROLINA v. PAUL MONROE CLARK

No. 762SC162

(Filed 21 July 1976)

**Criminal Law § 51; Narcotics § 3— officer as expert in marijuana identification**

The trial court did not err in finding that an officer was an expert in the identification of marijuana and in allowing the officer to give his opinion that green vegetable matter which he found on and about the person of defendant was marijuana where the officer testified that he had been an investigating officer in 60 or 70 cases involving marijuana, so identified by chemical analysis; he had a training course in marijuana identification of 30 hours at a technical school; he had seen it growing; and it has a distinctive odor when burning.

APPEAL by defendant from *Webb, Judge.* Judgment entered 12 December 1975, Superior Court, BEAUFORT County. Heard in the Court of Appeals 26 May 1976.

Defendant pled not guilty to the charge of possession of marijuana, a Schedule VI controlled substance.

Evidence for the State tends to show that on 27 April 1975, Officer Watson was forced to swerve his automobile as an oncoming car veered into Watson's lane of traffic. Watson turned around, began to follow the car and turned on his blue light and siren. As he did this, someone on the passenger's side of the car began to throw a green leafy substance from the car. When the car stopped, Officer Watson found defendant on the passenger side of the car holding a blue hat with a small quantity of marijuana in it. He was in a dazed condition and smelling of marijuana. A smoked marijuana cigarette, marijuana seed and plastic bags were found on the floorboard of the car around defendant's feet. In the opinion of Officer Watson defendant was under the influence of some narcotic drug.

Defendant's evidence tended to show that he had been drinking liquor but not smoking marijuana. From a verdict of guilty and sentence to prison, defendant appeals.

*Attorney General Edmisten by Associate Attorney T. Lawrence Pollard for the State.*

*Leroy Scott for defendant appellant.*

CLARK, Judge.

Defendant assigns as error the finding by the court that Officer Watson was an expert in the field of analyzing vegetable matter to determine if it is marijuana and in permitting him to identify as marijuana the vegetable matter found in and outside the car. The finding of the court was based on the testimony of Officer Watson that he had been an investigating officer in 60 or 70 cases involving marijuana, so identified by chemical analysis; that he had a training course in marijuana identification of 30 hours at Wilson Technical School; that he had seen it growing; and that when burning it had a distinctive odor. The competency of a witness to testify as an expert is addressed primarly to the discretion of the trial court, and its determination is ordinarily conclusive if supported by competent evidence. *State v. Moore*, 245 N.C. 158, 95 S.E. 2d 548 (1956). In *State v. Bullard*, 267 N.C. 599, 148 S.E. 2d 565 (1966), the defendant was charged with possession of marijuana and peyote. S.B.I. Agent Starling testified that he was a graduate of the Federal Bureau of Narcotics Advanced Training School; that for four years he had worked exclusively on narcotic investigation. He further testified that peyote produces "certain hallucinations type effects," and that marijuana "is a narcotic . . . and is a type of weed that distorts the senses." In holding this opinion evidence admissible, the court stated: "While the record does not show that the court held Mr. Starling to be an expert in this field, he undoubtedly qualifies as such."

Courts in other states have held admissible the testimony of a witness who has had prior experience with marijuana, that he knew its physical properties and that in his opinion it was marijuana. See 28 C.J.S., Drugs and Narcotics Supp., § 202, p. 297.

Who are experts? To be an expert it is enough that, through study or experience, or both, the witness has acquired such skill that he is better qualified than the jury to form an opinion on the particular subject. 1 Stansbury, N. C. Evidence 2d, (Brandis Rev. 1973), § 133, p. 429.

It appears from the evidence in the case before us that the witness, Officer Watson, by training and experience acquired such skill in the identification of marijuana that he was qualified, and better so than the jury, to form an opinion that the green vegetable matter which he found on and about the person of the defendant was in his opinion marijuana.

The evidence supports the finding of the trial judge, and defendant has not shown abuse of his discretion.

There is no merit to defendant's other assignment of error that the State's evidence was insufficient to withstand his motion for a directed verdict of not guilty.

No error.

Judges VAUGHN and MARTIN concur.