STATE OF NORTH CAROLINA v. TIMOTHY ALLEN MORRIS, Defendant-
Appellant

No. 903SC399

(Filed 16 April 1991)

1. **Conspiracy § 5.1 (NCI3d) — hearsay — statements of coconspirator — admissible**

The trial court did not err in a narcotics prosecution by admitting certain out-of-court statements of a coconspirator where the State's evidence tended to demonstrate that defendant was parked on the side of a dirt road in a rural area at approximately 11:00 p.m.; there were no houses or buildings within .1 to .2 miles of this location; the coconspirator, Taylor, pulled in and parked behind defendant's car accompanied by two undercover officers; Taylor left his car and spoke with defendant; defendant gestured in a hitchhiking motion toward the side of the road between the two cars; Taylor then climbed the ditch embankment in the general area defendant had indicated and retrieved a large bag containing fifteen pounds of marijuana; and defendant fled when undercover officers attempted to arrest him. The evidence is sufficient to establish a *prima facie* conspiracy between the witness and defendant.

**Am Jur 2d, Conspiracy §§ 46, 48.**

2. **Conspiracy § 36 (NCI4th); Narcotics § 4.3 (NCI3d) — narcotics — conspiracy and constructive possession — evidence sufficient**

The trial court did not err by denying defendant's motion to dismiss for insufficient evidence charges of conspiracies to sell and deliver marijuana, and possession with intent to sell or deliver marijuana. The *prima facie* evidence of conspiracy, coupled with the coconspirator's statements, constituted substantial evidence of the two conspiracy charges, and there was sufficient evidence of constructive possession to go to the jury in that defendant was parked alone on the side of an isolated rural dirt road after 11:00 p.m.; he conversed with an individual engaged in a drug transaction; pointed in a direction in which fifteen pounds of marijuana were located; and fled when police officers attempted to arrest him.

**Am Jur 2d, Conspiracy §§ 40, 46, 48.**

**3. Narcotics § 3.1 (NCI3d) — marijuana — chain of custody — exhibits admissible**

The trial court did not abuse its discretion in a narcotics prosecution by admitting two bags of marijuana where two officers identified the bags by their appearance and the attached evidence tags; each of the bags had a slit which had been sealed with a piece of tape containing an SBI chemist's initials and case numbers; small holes had been poked in the bags' sides, but otherwise the bags and their contents were unchanged; the chemical analysis was not introduced due to the unavailability of the chemist; and three officers testified that, in their opinion, the substance seized during the arrest was marijuana. A weak link in a chain of custody relates only to the weight to be given the evidence and not to its admissibility, and it has been recognized that a police officer's experience and training may be competent to qualify him as an expert in identifying marijuana.

**Am Jur 2d, Evidence §§ 774, 826.**

APPEAL by defendant from judgments entered 30 October 1989 by *Judge William C. Griffin* in PITT County Superior Court. Heard in the Court of Appeals 15 January 1991.

The evidence presented by the State tended to show the following: On 2 May 1989 two undercover officers arranged to purchase fifteen pounds of marijuana from Nicky Taylor. Taylor met with the officers shortly before 11:00 p.m. that night. After some discussion Taylor allowed them to accompany him to pick up the marijuana. Taylor said his "man" (supplier) would be waiting in a black Mustang on the side of a rural dirt road and the marijuana would be in a ditch there. At approximately 11:00 p.m. Taylor pulled in behind a black Mustang parked on the side of a rural dirt road.

Taylor left his car and spoke with defendant, who was alone in the black Mustang. Defendant gestured in a hitchhiking motion toward the side of the road between the two cars. Taylor retrieved a large bag containing fifteen pounds of marijuana from this location. When the undercover officers attempted to arrest defendant, he fled. He was stopped and arrested by one of the surveillance teams.

After a trial by jury defendant was convicted of conspiracy to sell in excess of one and one-half ounces of marijuana, conspiracy to deliver in excess of one and one-half ounces of marijuana, and

**STATE v. MORRIS**

[102 N.C. App. 541 (1991)]

possession with intent to sell or deliver in excess of one and one-half ounces of marijuana. Upon conviction defendant was sentenced to two years for the consolidated conspiracy charges and two years for the possession charge. From these judgments defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Norma S. Harrell, for the State.*

*James Hite Avery Clark & Robinson, by Leslie S. Robinson, for defendant-appellant.*

ARNOLD, Judge.

[1] Defendant contends the trial court erred in admitting into evidence certain out-of-court statements made by Nicky Taylor pursuant to N.C.R. Evid. 801(d)(E). He argues that the State failed to establish a *prima facie* case of conspiracy independent of these statements, and therefore the out-of-court statements are hearsay and inadmissible. We do not agree.

"One well-recognized exception to the general proscription against the introduction of hearsay evidence is that statements made by coconspirators during the course of and in furtherance of the conspiracy are admissible." *State v. Collins*, 81 N.C. App. 346, 349, 344 S.E.2d 310, 313, *appeal dismissed*, 318 N.C. 418, 349 S.E.2d 601 (1986). There must be a showing that: "(1) a conspiracy existed; (2) the acts or declarations were made by a party to it and in pursuance of its objectives; and (3) while it was active, that is, after it was formed and before it ended." *State v. Conrad*, 275 N.C. 342, 348, 168 S.E.2d 39, 43 (1969).

> Because of the nature of a conspiracy, the State can seldom establish a *prima facie* case of conspiracy by extrinsic evidence before tendering the acts and declarations of the conspirators which link them to the crimes charged. Therefore, our courts often permit the State to offer the acts or declarations of a conspirator before the *prima facie* case of conspiracy is sufficiently established. Of course, the prosecution must properly prove the existence of the *prima facie* case of conspiracy before the close of the State's evidence in order to have the benefit of these declarations and acts.

*State v. Polk*, 309 N.C. 559, 565-66, 308 S.E.2d 296, 299 (1983). "A conspiracy may be shown by a number of indefinite acts, which, taken individually, might be of little weight, but taken collectively

point to its existence." *Collins*, 81 N.C. App. at 350, 344 S.E.2d at 313-14. "The crime is established upon a showing of an *agreement* to do an unlawful act or to do a lawful act by unlawful means, whether or not overt acts occurred." *Id.* at 350, 344 S.E.2d at 313.

"Ordinarily the factual issue of the existence or nonexistence of a conspiracy is for the jury." *Id.* at 350, 344 S.E.2d at 314. "The State's burden of proof here was only to procure evidence sufficient to permit, but not compel, the jury to find a conspiracy." *State v. Turner*, 98 N.C. App. 442, 446, 391 S.E.2d 524, 526 (1990). "The evidence is considered in the light most favorable to the State." *Collins*, 81 N.C. App. at 350, 344 S.E.2d at 314.

The State's evidence tended to demonstrate that on 2 May 1989 defendant was parked on the side of a dirt road in a rural area at approximately 11:00 p.m. No houses or buildings were within .1 to .2 of a mile of this location. Taylor, who was accompanied by two undercover officers purchasing marijuana, pulled in behind defendant's car and parked. Taylor left his car and spoke with defendant. Defendant gestured in a hitchhiking motion toward the side of the road between the two cars. Taylor then climbed a ditch embankment in the general area where defendant had indicated and retrieved a large bag containing fifteen pounds of marijuana. Defendant fled when the undercover officers attempted to arrest him. We believe that this evidence is sufficient to establish a *prima facie* conspiracy between Taylor and defendant. Therefore the trial court did not err in admitting Taylor's out-of-court statements.

[2] Defendant next contends the trial court erred in denying his motion to dismiss the three charges for insufficient evidence. We are not persuaded by defendant's arguments. When the trial court is ruling on a defendant's motion to dismiss, the evidence must be considered in the light most favorable to the 'State, and the State is entitled to every reasonable inference which can be drawn from the evidence presented; all contradictions and discrepancies are resolved in the State's favor. *State v. Davis*, 325 N.C. 693, 386 S.E.2d 187 (1989); *State v. Abernathy*, 295 N.C. 147, 244 S.E.2d 373 (1978). "If there is substantial evidence—whether direct, circumstantial, or both—to support a finding that the offense charged has been committed and that defendant committed it, a case for the jury is made and nonsuit should be denied." *State v. McKinney*, 288 N.C. 113, 117, 215 S.E.2d 578, 582 (1975).

STATE v. MORRIS

[102 N.C. App. 541 (1991)]

Two of the charges were conspiracy to sell in excess of one and one-half ounces of marijuana and conspiracy to deliver in excess of one and one-half ounces of marijuana. As discussed above, there was sufficient evidence to establish a *prima facie* case of conspiracy. This evidence, when coupled with Taylor's statements that defendant was his supplier and viewed in the light most favorable to the State, constitutes substantial evidence of the two conspiracy charges.

The final charge was possession with intent to sell and deliver in excess of one and one-half ounces of marijuana. Defendant was not in actual possession of the marijuana. Proof of constructive possession in a prosecution for possession of contraband materials is sufficient and that possession need not always be exclusive. *State v. Narcisse*, 90 N.C. App. 414, 368 S.E.2d 654, *disc. review denied*, 323 N.C. 368, 373 S.E.2d 553 (1988). Constructive possession does not require actual possession of a thing, only that a person has the intent and capability to maintain control and dominion over that thing. *State v. Beaver*, 317 N.C. 643, 346 S.E.2d 476 (1986).

If the defendant has nonexclusive possession of the place where the marijuana was found, "the State must show other incriminating circumstances before constructive possession may be inferred." *Davis*, 325 N.C. at 697, 386 S.E.2d at 190. Defendant was parked alone on the side of an isolated rural dirt road after 11:00 p.m. He conversed with an individual engaged in a drug transaction, pointed in the direction of where fifteen pounds of marijuana was located, and fled when police officers attempted to arrest him. Constructive possession may be inferred from these circumstances. After reviewing the evidence in the light most favorable to the State, we conclude that there was sufficient evidence to go to the jury.

[3] Defendant's final contention is the trial court erred in admitting two of the State's exhibits into evidence because of a failure to establish a chain of custody. Since there are no simple standards for determining the sufficiency of the chain of custody when authenticating real evidence, the trial court "possesses and must exercise a sound discretion in determining the standard of certainty required to show that the object offered is the same as the object involved in the incident giving rise to the trial and that the object is in an unchanged condition." *Abernathy*, 295 N.C. at 161, 244 S.E.2d at 382.

"Where the articles objected to have been identified as being the same objects seized and in somewhat the same condition, as happened here, proving a continuous chain of custody is unnecessary." *State v. Hart*, 66 N.C. App. 702, 704, 311 S.E.2d 630, 631 (1984). Two police officers identified the two bags containing the marijuana by their appearance and the attached evidence tags as being the same bags sent for chemical analysis. Each of the bags had a slit which had been sealed with a piece of tape containing an SBI chemist's initials and case numbers. Small holes had been poked in the bags' sides, but otherwise the bags and their contents were unchanged.

"[W]eak links in a chain of custody relate only to the weight to be given evidence and not to its admissibility." *State v. Campbell*, 311 N.C. 386, 389, 317 S.E.2d 391, 392 (1984). The chemical analysis of the substance was not introduced into evidence due to the unavailability of the SBI chemist. Three officers testified that in their opinion the substance seized during the arrest was marijuana. In *State v. Clark*, 30 N.C. App. 253, 226 S.E.2d 398 (1976), it was recognized that a police officer's experience and training may be competent to qualify him as an expert in identifying marijuana. We find no abuse of discretion by the trial court in admitting these exhibits.

No error.

Judges JOHNSON and LEWIS concur.