STATE OF NORTH CAROLINA v. WILLIAM FORBES AND ALEXZENO VINES

No. 913SC47

(Filed 19 November 1991)

1. **Narcotics § 4.3 (NCI3d) — constructive possession — sufficiency of evidence**
    The State's evidence was sufficient to support defendant's convictions of narcotics offenses on the basis of constructive possession where it tended to show that defendant was in the front bedroom of a trailer when officers entered the trailer to execute a search warrant; officers found cocaine, marijuana and drug paraphernalia in the trailer; cocaine crystals were found floating in the toilet next to the front bedroom where defendant was found; officers found a pawn ticket in a safe in the trailer listing defendant's name and showing her address to be at the trailer; a vehicle outside the trailer was registered to defendant at the trailer address; officers found women's and children's clothing in the front bedroom, and defendant's three children were in the trailer at the time of the search;

and defendant attempted to place under a child's coat a purse containing $3,790.00 and defendant's driver's license.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 47.**

**Conviction of possession of illicit drugs found in premises of which defendant was in non-exclusive possession. 56 ALR3d 948.**

2. **Narcotics § 4.4 (NCI3d) — constructive possession — insufficiency of evidence**

The State's evidence was insufficient to support the sixteen-year-old defendant's conviction of possession of cocaine with intent to sell and deliver based on the theory of constructive possession where it tended to show that, when officers entered a trailer to execute a search warrant, they found four bags containing cocaine in the hallway near the door to the bathroom in which defendant was found seated on the toilet; officers found $546.00 in the sink next to defendant; and defendant did not have exclusive possession of the trailer.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 47.**

**Conviction of possession of illicit drugs found in premises of which defendant was in non-exclusive possession. 56 ALR3d 948.**

Judge WELLS concurring.

APPEAL by defendants from judgment entered 17 July 1990 in PITT County Superior Court by *Judge Herbert Small.* Heard in the Court of Appeals 8 October 1991.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General David N. Kirkman, for the State.*

*Robert L. White for defendant-appellant, Vines.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Teresa A. McHugh, for defendant-appellant, Forbes.*

WYNN, Judge.

These are criminal cases involving constructive possession of cocaine in which the defendants were charged and tried jointly.

STATE v. FORBES

[104 N.C. App. 507 (1991)]

The State's evidence tended to show that shortly after midnight on February 9, 1990, nine police officers went to a trailer home located at Lot 39, River Road Estates in Pitt County. The officers announced their presence and heard the sounds of people running throughout the trailer and of toilets flushing, from both ends of the trailer. When the officers kicked in the front and back doors and moved through the trailer, they found defendant Vines in the front bedroom and her sixteen-year-old son, defendant Forbes, in the bathroom in the back of the trailer.

During the search of the trailer, the officers found white crystals (later identified as cocaine) floating in the water of the toilet next to the front bedroom where Vines was found. The officers also found a pawn ticket with the Vines' name and address listed as Lot 39, River Road Estates, and a purse containing $3,790.00 in cash and Vines' driver's license. The State's evidence also tended to show that a witness, Sharon Swinnely ("Swinnely"), placed Vines at the trailer throughout the day of the raid and testified that together, she and Vines, smoked a deadly form of crystallized cocaine commonly referred to as "crack." In addition, Swinnely testified that she bought "crack" from the defendant on the day of the raid.

Defendant Vines testified that she lived with her sister in Farmville and, contrary to the State's evidence, she stated that she never lived at the trailer. She testified that she had just arrived, on the day of the raid, from Maryland. Vines also asserted that the money that was found belonged to her sister who brought it so the defendant could make bail.

With regard to the defendant Forbes, the police officers testified that they found four bags of a white substance scattered along the hallway, in the vicinity of the door of the bathroom. The officers testified that they entered the bathroom to find Forbes sitting on a toilet, and it was apparent that he had used the bathroom. The officers found $546.00 lying in the sink next to the toilet.

The State also presented testimonial evidence from Swinnely who stated that when Forbes heard the police announce their presence, he ran from the living room toward the back of the trailer; that the owner of the trailer, Walter Speight, then threw Forbes a pill bottle and "told him to get rid of it"; and that she had seen Forbes with "crack" several times before the raid and had bought "crack" from him in the past.

STATE v. FORBES

[104 N.C. App. 507 (1991)]

Defendant Forbes presented evidence that he had come to North Carolina to visit his mother on the day before the raid. On the day of the raid, February 9, 1990, he had visited Walter Speight's trailer to play video games. Later in the evening, he went to the bathroom and while there, he heard a commotion coming from the front of the trailer and suddenly the police entered the bathroom. He testified that he had never used drugs and that he had never sold drugs.

Defendant Vines was charged with four counts: possession of cocaine with intent to sell or deliver; possession of marijuana with intent to sell or deliver; knowingly and intentionally maintaining a dwelling for the purpose of keeping controlled substances; and possession of drug paraphernalia. Vines was found guilty on all charges except the possession of marijuana with intent to sell or deliver of which she was convicted of the lesser charge of marijuana possession. She appeals from the judgment entered on 17 July 1990, sentencing her to eleven years imprisonment.

Defendant Forbes was charged with possession with intent to sell or deliver cocaine and was found guilty as charged. He appeals from a judgment entered on 17 July 1990, sentencing him to three years imprisonment.

Each defendant assigns as error the denial of their respective motions to dismiss. For the reasons set forth herein, we find no error as to defendant Vines' appeal; however, we find reversible error in the case of defendant Forbes.

## I. Defendant Vines' Appeal

[1] The sole issue on appeal is whether the evidence was sufficient to convict the defendant based on the theory of constructive possession. The defendant contended that the trial court erred in denying her motion to dismiss made at the close of the State's case in chief and renewed at the close of all the evidence. We disagree.

In ruling upon a motion to dismiss, the trial court must examine the evidence "in the light most favorable to the State, and the State is entitled to every reasonable inference which can be drawn from the evidence presented; all contradictions and discrepancies are resolved in the State's favor." *State v. Morris*, 102 N.C. App. 541, 544, 402 S.E.2d 845, 847 (1991). "If there is substantial evidence—whether direct, or circumstantial, or both—to support a finding that the offense charged has been committed and that

the defendant committed it, a case for the jury is made and nonsuit should be denied. *Id.* (citing *State v. McKinney*, 288 N.C. 113, 215 S.E.2d 578 (1975)). "'Substantial evidence' is that amount of relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Autry*, 101 N.C. App. 245, 251, 399 S.E.2d 357, 361 (1991) (citing *State v. Cox*, 303 N.C. 75, 87, 277 S.E.2d 376, 384 (1981)).

The law of North Carolina is clear with regard to the issue of constructive possession. "Constructive possession of a substance applies where the defendant 'has both the power and the intent to control its disposition or use.'" *Id.* at 251, 399 S.E.2d at 361-62 (citing *State v. Harvey*, 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972)). If, as in the case at bar, the defendant does not have exclusive control over the premises, constructive possession cannot be shown without other incriminating circumstances. *Autry*, 101 N.C. App. at 253, 399 S.E.2d at 362 (1991).

Since the State in this case did not show that the defendant had exclusive possession of the trailer home that was searched, the focal issue becomes whether evidence was brought to light during the trial that established other incriminating circumstances. *See State v. Morris*, 102 N.C. App. 541, 402 S.E.2d 845 (1991) (constructive possession inferred from the facts that defendant conversed with an individual engaged in a drug transaction, pointed in the direction of drugs and ran from the police); *State v. Autry*, 101 N.C. App. 245, 399 S.E.2d 357 (1991) (incriminating evidence found where defendant was arrested standing in kitchen near a table where his jacket and cocaine were found); *State v. Davis*, 325 N.C. 693, 386 S.E.2d 187 (1989) (incriminating evidence included a prescription bottle and mobile home registration papers naming the defendant as owner); *State v. McLaurin*, 320 N.C. 143, 357 S.E.2d 636 (1987) (defendant lived in house where drugs were found but was not present at time of search by police, constructive possession not found).

In the case at hand, when the police officers executed the search warrant, the defendant was found in the front bedroom of the trailer. The officers also found a safe in the trailer home and inside the safe was a pawn ticket listing the defendant's name and her address as Lot 39, River Road Estates. A vehicle was found outside the trailer that also was registered to the defendant at the River Road address. In addition to the pawn ticket and

vehicle registration, the officers found women's and children's clothing in the front bedroom. Defendant's three children were found in the trailer home at the time of the search.

Subsequent to the search, officers called the defendant's sister to pick up the youngest child. Defendant, while preparing the child to leave, attempted to place under the child's coat a small purse which fell to the ground. The purse contained $3,790.00 in cash and the defendant's driver's license.

Keeping in mind that all contradictions and discrepancies are ruled in favor of the State, the aforementioned evidence was sufficient for a reasonable mind to infer and conclude from the circumstances that Vines had the determination and intent to exercise control over the cocaine, marijuana, and drug paraphernalia that were found in the trailer home. Accordingly, we uphold the decision of the trial judge to submit the question of constructive possession to the jury.

## II. Defendant Forbes' Appeal

[2] Defendant Forbes first assigns error to the trial court's denial of his motion to dismiss made at the close of the State's evidence and renewed at the close of all evidence. He contends that the evidence was insufficient to convict him based on the theory of constructive possession.

Defendant Forbes, like defendant Vines, did not have exclusive possession of the trailer home and was found guilty of the charged offense under the theory of constructive possession. As such, it was incumbent upon the State to prove his guilt by showing the existence of other incriminating circumstances. *Autry*, 101 N.C. App. at 253, 399 S.E.2d at 357. Unlike defendant Vines, however, we conclude that such evidence was not presented in the case of defendant Forbes.

The decision of *State v. Givens*, 95 N.C. App. 72, 381 S.E.2d 869 (1989), is illustrative to the case at bar. In *Givens*, the co-defendant, Canty, was at a "drink house" and pool hall when the police entered the building and executed a search warrant. Defendant, Canty, was standing near a bicycle which had five bags of cocaine lodged in the spokes. Additionally, 1.16 grams of cocaine were found in a jacket in the building. No evidence was presented at trial to show that Canty owned the bicycle, jacket or building, itself. This Court held that "[a]lthough there is evidence that Canty

knew that there was cocaine in the building, and that he was 'waiting for his' and 'he come [sic] to receive some drugs,' this [was] not substantial evidence that Canty had the capability to maintain control and dominion over [the] cocaine." *Id.* at 77, 381 S.E.2d at 872.

In the case at hand, the officers found the defendant seated on the toilet having just used it for its proper purpose. Next to him, in the sink, the officers found $546.00 in cash. The defendant told the officers that he was not in possession of any drugs. Moreover, no drugs were found in the bathroom where the defendant was seated. Indeed, the closest point to the defendant that drugs were found was in the hallway outside the bathroom where the officers found four bags of a white substance, later identified as cocaine.

The State also presented evidence that Swinnely had bought cocaine from the defendant in the past; however, there was no evidence presented that, on the night of the raid, the defendant was selling or using cocaine. There was testimony from Swinnely that, when the officers arrived, Forbes caught a pill bottle thrown to him by Walter Speight and ran towards the bathroom. The unsubstantiated inference is that Forbes did so in order to dispose of cocaine. However, the defendant is charged with possessing that cocaine found in the hallway outside the bathroom, not with the cocaine Swinnely testified that she assumed was in the pill bottle.

Therefore, we find that there was not substantial evidence that Forbes had the capability to maintain control and dominion over the contraband. For the foregoing reasons, we conclude that the trial court erred in denying Forbes' motion to dismiss. Due to our determination of this issue we need not discuss the other issue raised in the defendant's appeal.

For the foregoing reasons the defendant Forbes' conviction is reversed and we find no error with regard to the conviction of Vines.

As to 90 CRS 3177-3179, defendant Vines,

No error.

As to 90 CRS 3176, defendant Forbes,

Reversed.

Judge PARKER concurs.

Judge WELLS concurs in a separate opinion.

Judge WELLS concurring.

With respect to defendant Vines, I concur with the majority opinion.

With respect to defendant Forbes, this was not a "premises" case; i.e., there was no evidence that Forbes possessed or controlled the premises on which the contraband was found. As to Forbes, this was a "close proximity case"; i.e., the State relies on the evidence that bags containing cocaine were found scattered in the hallway approaching the bathroom where Forbes was found. I agree that this evidence was insufficient to establish Forbes' constructive possession of cocaine, and therefore his conviction cannot stand.