STATE OF NORTH CAROLINA v. RONALD ROSS EDWARDS

No. COA01-776

(Filed 4 June 2002)

## 1. False Pretense— obtaining property by false pretenses— deception

The trial court did not err in an obtaining property by false pretenses case by excluding evidence elicited from a store owner on cross-examination that he was not deceived by the purchase order presented by defendant, because: (1) N.C.G.S. § 14-100 does not require that a particular person, such as the store owner, be deceived; and (2) the State established that defendant made a false representation with the intent to deceive, which did in fact deceive a store clerk.

## 2. False Pretense— obtaining property by false pretenses— sufficiency of evidence

Although defendant contends the trial court erred by denying his motion to dismiss all charges at the close of the State's evidence including obtaining property by false pretenses based on alleged insufficient evidence of deception, there was sufficient evidence that defendant made a false representation which did in fact deceive.

## 3. Assault— deadly weapon with intent to kill—mistrial

The trial court did not abuse its discretion by declaring a mistrial and failing to declare defendant not guilty of the felony charge of attempted assault with a deadly weapon with intent to kill, because: (1) a deadlocked or hung jury is a classic example of manifest necessity requiring the declaration of a mistrial; and (2) the jury was not merely silent on the attempted assault charge, but sent a written note to the trial court indicating that it was unable to reach a unanimous verdict.

## 4. Sentencing— habitual felon—defendant's stipulation

The trial court erred by sentencing defendant as an habitual felon based on defendant's stipulation to being an habitual felon, because the trial court did not establish a record that defendant's stipulation was a guilty plea.

Appeal by defendant from judgment entered 1 February 2001 by Judge Benjamin G. Alford in Lenoir County Superior Court. Heard in the Court of Appeals 18 April 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Daniel S. Johnson, for the State.*

*William D. Spence, for defendant-appellant.*

TYSON, Judge.

### I. Facts

On 25 May 2000, Ronald Ross Edwards ("defendant") entered the Ace Hardware in Kinston, North Carolina. Defendant removed a saw, a drill set, a trimmer, and spray paint from the shelves and carried the items to the cashier. Defendant presented a "Purchase Order" from his employer, Curtis and Curtis, Inc., and attempted to have the items charged to their account.

The cashier, Christy Thornton Willoughby ("Thornton"), unsuccessfully attempted to call Sandy Shimer ("Shimer"), the store owner, for approval of the Purchase Order. Thornton completed the sale. As Thornton was carrying the merchandise to defendant's car, Shimer drove up. Thornton asked Shimer to look at the Purchase Order. Shimer informed Thornton and defendant that he needed to call Curtis and Curtis, Inc. Shimer testified that he knew there was a problem and that he had not approved the Purchase Order. As Thornton was calling Curtis and Curtis, Inc., defendant ran back to his car and

left the store premises. Shimer was unable to stop defendant's car, but Thornton obtained the license plate number.

Detective Tommy Lewis ("Lewis"), of the Kinston Police Department, ran the license tag through the Department of Motor Vehicles and learned that the vehicle was registered to defendant. Lewis also learned that defendant was employed by Curtis and Curtis, Inc. Lewis went to the job site where defendant was working and arrested him. A stolen .22 caliber pistol was found in defendant's vehicle.

Defendant was tried on the charges of obtaining property by false pretenses, possession of stolen goods, attempted assault with a deadly weapon with intent to kill, and was also indicted as an habitual felon. Defendant presented no evidence. The charge of possession of stolen goods was dismissed by the trial court. The jury found defendant guilty of obtaining property by false pretenses and was deadlocked on the attempted assault with a deadly weapon charge. The trial court declared a mistrial as to the attempted assault.

During the habitual felon hearing, defendant admitted to three prior felony convictions and stipulated to being an habitual felon. The trial court adjudged defendant to be an habitual felon and enhanced defendant's sentence to a minimum of eighty-four months and a maximum of 110 months. Defendant appeals.

## II. Issues

The issues presented are whether: (1) the trial court erred in not permitting testimony by Shimer on cross-examination, (2) the trial court erred in denying defendant's motion to dismiss all of the charges, (3) the trial court erred in declaring a mistrial and not declaring defendant not guilty of the felony charge of attempted assault with a deadly weapon with intent to kill, and (4) the trial court erred in sentencing defendant as an habitual felon.

## III. Cross-examination Testimony

[1] Defendant argues the trial court erred in excluding evidence elicited from Shimer on cross-examination that he was not deceived by the Purchase Order presented by defendant. The State's objection was sustained, and defendant made an offer of proof. According to defendant, Shimer's testimony refutes an essential element of the crime of obtaining property by false pretenses.

N.C.G.S. § 14-100 defines obtaining property by false pretenses and provides in pertinent part:

If any person shall knowingly and designedly by means of any kind of false pretense . . . obtain[s] or attempt[s] to obtain from any person [or corporation or organization] . . . any . . . thing of value . . . such person shall be guilty of a felony . . . *it shall not be necessary to prove either an intent to defraud any particular person or that the person to whom the false pretense was made was the person defrauded,* but it shall be sufficient to allege and prove that the party accused made the false pretense charged with an intent to defraud.

N.C. Gen. Stat. § 14-100(a) & (c) (2001) (emphasis supplied). According to our statute, it is not necessary that a particular person, such as Shimer, be deceived.

Our Supreme Court has defined the offense of false pretenses as "(1) a false representation of a subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which one person obtains or attempts to obtain value from another." *State v. Cronin,* 299 N.C. 229, 242, 262 S.E.2d 277, 286 (1980). Defendant contends that there was no substantial evidence of element number three: that Thorton or Shimer were in fact deceived.

Here, Robert Curtis, part owner and vice-president of Curtis and Curtis, Inc., testified that defendant did work for the company but at no time was defendant authorized to have a purchase order nor buy equipment with a purchase order. Thornton testified that defendant told her that his boss asked him to purchase the items, that it was defendant who presented the Purchase Order to her, and that he filled it out with the items before she rang them up. While Thorton questioned another employee about the Purchase Order, she testified that she believed defendant was purchasing the items on account for his employer with his employer's authorization. Thorton also testified that the purchase was completed and that she was loading defendant's car when Shimer drove up. We conclude that the State established that defendant made a false representation with the intent to deceive, which did in fact deceive Thornton. This assignment of error is dismissed.

## IV. Motion to Dismiss

[2] The defendant contends that the trial court erred in denying his motion to dismiss all charges at the close of the State's evidence. Defendant argues that there was insufficient evidence that Thornton

or Shimer were deceived. We have already concluded that there was sufficient evidence that defendant made a false representation which did in fact deceive. This assignment of error is dismissed.

### V. Attempted Assault

**[3]** Defendant was indicted on a charge of attempted assault with a deadly weapon with intent to kill based on his attempt to run over Shimer with his car. The trial court instructed the jury on the felony charge and the lesser included misdemeanor charge of attempted assault with a deadly weapon. The jury was unable to reach a unanimous verdict as to either attempted assault charge, sending a note to the court that seven members of the jury felt that defendant was guilty of misdemeanor attempted assault and five members felt defendant was not guilty. Defendant moved the trial court to declare him "not guilty" of the felony attempted assault charge and limit any retrial by the State to the misdemeanor attempted assault charge. The trial court refused and declared a mistrial with respect to the felony charge of attempted assault with a deadly weapon with intent to kill.

Defendant argues that it was obvious that the jury found him not guilty of felony attempted assault, and that the trial court erred in declaring a mistrial as to the second count: attempted assault with a deadly weapon with intent to kill. We disagree.

The decision to grant a mistrial lies within the sound discretion of the trial court. *State v. Pakulski,* 319 N.C. 562, 568, 356 S.E.2d 319, 323 (1987). The trial court is not required to make specific findings of fact so long as there is sufficient evidence in the record to support his decision. *State v. Odom,* 316 N.C. 306, 310, 341 S.E.2d 332, 334 (1986) (citing *Arizona v. Washington,* 434 U.S. 497, 54 L. Ed. 2d 717 (1978)). Our cases describe a deadlocked or "hung" jury as a classic example of "manifest necessity" requiring the declaration of a mistrial. *Id.* Similarly, a court may declare a mistrial where "[i]t appears there is no reasonable probability of the jury's agreement upon a verdict." *See* N.C. Gen. Stat. § 15A-1063(2) (2001); *see also* N.C. Gen. Stat. § 15A-1235(d) (2001).

Defendant contends that a verdict as to one charge amounts to an acquittal of any other charge being tried at the same time and relies on a line of cases citing the doctrine of "implied acquittal." Defendant's reliance on implied acquittal is misplaced.

We find *State v. Booker*, 306 N.C. 302, 293 S.E.2d 78 (1982), to be controlling authority in this case. In *Booker*, defendant was charged in separate bills of indictments with first-degree murder and armed robbery. *Id.* at 303, 293 S.E.2d at 79. The first trial ended in a mistrial because the jury could not agree upon a verdict. *Id.* At the first trial, the jury sent a note to the court that they were deadlocked seven to five in favor of a verdict of guilty of second-degree murder. *Id.* at 304, 293 S.E.2d at 79. On appeal from the second trial, defendant argued that the note indicated that the jury had implicitly found defendant not guilty of first-degree murder. *Id.* Our Supreme Court disagreed and held that before there can be an implied acquittal there must be a final verdict. *Id.* at 305, 293 S.E.2d at 80 (citations omitted). A "written memorandum to the trial judge did not constitute an acquittal." *Id.* at 307, 293 S.E.2d at 81 (citing *State v. Alston*, 294 N.C. 577, 583, 243 S.E.2d 354, 359 (1978)).

In the present case, the jury was not merely silent on the attempted assault charge but sent a written note to the trial court indicating that they were unable to reach a unanimous verdict. We hold that the trial court properly declared a mistrial as to the felony attempted assault charge and that a retrial of defendant on the charge will not result in double jeopardy. *See State v. Lachat*, 317 N.C. 73, 82-83, 343 S.E.2d 872, 877 (1986) (the prohibition against double jeopardy does not prevent the second trial of an accused when his previous trial ended in a mistrial). This assignment of error is overruled.

## VI. Sentencing

[4] Defendant contends that his stipulation to being an habitual felon does not constitute a guilty plea, and absent a finding of guilty as an habitual felon his conviction must be reversed. We agree.

There is no requirement that a defendant give an express admission of guilt for a guilty plea to be valid. *State v. Bolinger*, 320 N.C. 596, 359 S.E.2d 459 (1987). This Court previously held that a stipulation to three prior convictions, as well as a stipulation to the status of habitual felon, "in the absence of an inquiry by the trial court to establish a record of a guilty plea, is not tantamount to a guilty plea." *State v. Gilmore*, 142 N.C. App. 465, 471, 542 S.E.2d 694, 699 (2001) (citing *State v. Williams*, 133 N.C. App. 326, 330, 515 S.E.2d 80, 83 (1999)). In *Williams*, this Court concluded that a stipulation by defendant to being an habitual felon amounted to a guilty plea where the trial court

established a record of defendant's plea of guilty on the habitual felon charge. *Williams*, 133 N.C. App. at 330, 515 S.E.2d at 83.

The State contends that the charge of habitual felon is not an independent crime subject to the requirements of Chapter 15A of the North Carolina General Statutes. Our Supreme Court in *State v. Allen*, 292 N.C. 431, 435, 233 S.E.2d 585, 588 (1977), held that "[b]eing an habitual felon is not a crime but is a status the attaining of which subjects a person thereafter convicted of a crime to an increased punishment for that crime." While not a crime, our statutes still require either a verdict by the jury that defendant is an habitual felon, *see* N.C. Gen. Stat. § 14-7.5 (2001), or a guilty plea to the charge of being an habitual felon. *See Gilmore*, 142 N.C. App. at 471, 542 S.E.2d at 699. A trial court may not accept a guilty plea from a defendant without establishing that the plea was voluntary, knowing, and intelligent. *See* N.C. Gen. Stat. § 15A-1022 (1999); *Bryant v. Cherry*, 687 F.2d 48, 49 (4th Cir. 1982) (citing *Brady v. United States*, 397 U.S. 742, 755, 25 L. Ed. 2d 747, 760 (1970)).

In the present case, the record shows that defendant admitted, in the jury's presence, to three prior felony convictions as they were introduced into evidence by the State. Upon inquiry by the trial court, out of the presence of the jury, defendant admitted his status as an habitual felon. The trial court did not establish a record that defendant's stipulation was a guilty plea.

We are bound by the holding in *Gilmore. See In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (This Court is bound by a prior decision of another panel of this Court addressing the same question but in another case.). Therefore, we reverse defendant's conviction of being an habitual felon and remand for a new habitual felon hearing. Because defendant's conviction on this charge allowed the trial court to enhance defendant's sentence on the underlying offense of obtaining property by false pretenses, we reverse and remand for resentencing on that offense.

### V. Conclusion

No error as to defendant's conviction of obtaining property by false pretenses, Case No. 00 CRS 006112.

Reversed as to defendant's conviction of being an habitual felon, Case No. 00 CRS 008383.

Remanded for a new habitual felon hearing and resentencing on the conviction of obtaining property by false pretenses.

No error in part; reversed and remanded in part.

Judges MARTIN and THOMAS concur.