STATE OF NORTH CAROLINA v. DAVID VERNON SIMPSON

No. COA02-1195

(Filed 5 August 2003)

**1. Criminal Law— joinder—two offenses**

The trial court did not err in an obtaining property by false pretenses case by granting the State's motion to join his two offenses under N.C.G.S. § 15A-926(a), because a transactional connection was evidenced by a common modus operandi, the short time lapse between the criminal activity, and similar circumstances in victim, location, and motive.

**2. Indictment and Information— motion to amend—date of charged offense**

The trial court did not err in an obtaining property by false pretenses case by granting the State's motion to amend the indictment to change the date of the charged offense, because: (1) the change did not substantially alter the charge; and (2) time was not of the essence. N.C.G.S. § 15A-923(e).

**3. False Pretense— obtaining property by false pretenses— deception of victim—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charges of obtaining property by false pretenses under N.C.G.S. § 14-100 even though defendant contends the victim pawn shop owner was not actually deceived by defendant's false representations, because although the victim had a suspicion that the cameras were stolen, his testimony when viewed in the light most favorable to the State reasonably permits a jury to make an inference that he called a detective in order to confirm

that the items were not stolen property and that the victim was in fact deceived.

Judge HUDSON dissenting.

Appeal by from judgment entered 20 May 2002 by Judge Loto G. Caviness in Superior Court, Henderson County. Heard in the Court of Appeals 10 June 2003.

*Attorney General Roy Cooper, by Associate Attorney General Kimberly Elizabeth Gunter, for the State.*

*Mary March Exum, for the defendant-appellant.*

WYNN, Judge.

From his two felony convictions of obtaining property by false pretenses, defendant, David Vernon Simpson, argues on appeal that the trial court erroneously (1) granted the State's joinder motion, (2) granted the State's motion to amend the indictment, and (3) denied his motion to dismiss for insufficient evidence. We find no error.

The underlying evidence tends to show that on 26 November 2001, Robert Hoyt, a manager for the photo lab at a Wal-Mart Store, noticed three cameras missing from the Wal-Mart display. Later that day, Tim Ward, the owner and operator of Hendersonville Jewelry and Pawn, purchased two cameras from defendant. About a week later, Mr. Ward purchased a third camera from defendant. Mr. Ward, who testified that he tends to "work closely with the Sheriff's Department," was suspicious that the cameras were stolen because he noticed a security device attached to one camera. He contacted Detective Cole at the Sheriff's Department who confirmed that the cameras were stolen and owned by Wal-Mart.

At trial, Mr. Hoyt identified by serial number the cameras sold to Mr. Ward as the same cameras stolen from Wal-Mart in November 2001. Furthermore, Mr. Ward identified defendant as the individual who represented that he owned the cameras and sold them to the pawn shop in November and December 2001. On 20 May 2002, the jury found defendant guilty of one count of misdemeanor possession of stolen goods and two counts of obtaining property by false pretenses. Defendant appeals.

[1] By his first assignment of error, defendant contends the trial court erred in granting the State's motion to join his two offenses

under N.C. Gen. Stat. § 15A-926(a) (2002) which provides: "Two or more offenses may be joined . . . for trial when the offenses are based on the same act or transaction, or on a series of acts or transactions connected together or constituting parts of a single scheme or plan." In considering a motion to join under § 15A-926(a), our Supreme Court in *State v. Williams*, 355 N.C. 501, 529, 565 S.E.2d 609, 626 (2002) explained that,

> the trial judge must first determine if the statutory requirement of a transactional connection is met. Whether such a connection exists . . . is a fully reviewable question of law. . . . The transactional connection required by [Section] 15A-926(a) may be satisfied by considering various factors. Two factors frequently used in establishing the transactional connection are a common modus operandi and the time lapse between offenses.

*Williams*, 355 N.C. at 529, 565 S.E.2d at 626 (citations omitted). Thus, for instance, in the earlier case of *State v. Bracey*, 303 N.C. 112, 116, 277 S.E.2d 390, 393 (1981), our Supreme Court held that the trial court properly consolidated three separate charges of common-law robbery because,

> The evidence in the three cases shows a similar modus operandi and similar circumstance in victims, location, time and motive. All the offenses occurred within ten days on the same street in Wilmington. All occurred in the late afternoon. . . . The assaults were of a similar nature. Each was without weapons, involved an element of surprise and involved choking, beating and kicking the victim. In each case, the robbers escaped on foot. The evidence was sufficient to justify joinder based on a series of acts or transactions connected together or constituting parts of a single scheme or plan.

*Id.* at 118, 277 S.E.2d 394.

Likewise, in the present case, we hold that the trial court properly allowed joinder of the subject offenses because a transactional connection was evidenced by a common modus operandi, the short time lapse between the criminal activity, and similar circumstances in victim, location, and motive. Indeed, in each case the cameras were taken from Wal-Mart and sold by defendant within 10 days to Henderson Jewelry and Pawn. Accordingly, we uphold the trial court's decision to allow joinder of the offenses.

[2] By his second assignment of error, defendant contends the trial court erred in granting the State's motion to amend the indictment to change the date of the charged offense. Under N.C. Gen. Stat. § 15A-923(e), "a bill of indictment may not be amended in a manner which substantially alters the charge set forth." *State v. Parker*, 146 N.C. App. 715, 718, 555 S.E.2d 609, 611 (2001) (citation omitted). For the reasons stated in *State v. Price*, we hold that amending the date of the charged offense, in the instant case, was not error. *See State v. Price*, 310 N.C. 596, 600, 313 S.E.2d 556, 559 (1984) (holding that "change of date . . . was not an amendment proscribed by N.C. Gen. Stat. § 15A-923(e) since it did not substantially alter the charge . . . . Time was not of the essence . . . . [And] [d]efendant's right to be indicted by the grand jury was not violated).

[3] By his final assignment of error, defendant contends the trial court erred by denying his motion to dismiss because of insufficient evidence of an essential element. Defendant argued:

> I think one of the elements is that [defendant], in fact, does deceive the party listed as the victim. The victim in this [case] is not Wal-Mart, it's the Henderson Jewelry and Pawn. [However,] by the testimony of [Mr. Ward,] the pawn shop owner was [not] deceived whatsoever. [Mr. Ward] took the cameras . . . suspected [they were stolen] . . . called the Sheriff's Department . . . [and] didn't place [the cameras out] for sale. [Mr. Ward] knew there was a problem or certainly suspected there was [a problem]. The element of [actual] deception, I submit to the Court, is [not] present.

"In ruling on a motion to dismiss for insufficient evidence, the trial court must consider the evidence in the light most favorable to the State, which is entitled to every reasonable inference which can be drawn from that evidence." *State v. Dick*, 126 N.C. App. 312, 317, 485 S.E.2d 88, 91 (1997). "[T]he question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged . . . and (2) of defendant's being the perpetrator of such offense." *State v. Brayboy*, 105 N.C. App. 370, 373-74, 413 S.E.2d 590, 592 (1992). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Williams*, 133 N.C. App. 326, 328, 515 S.E.2d 80, 82 (1999) (citation omitted). Furthermore, in reviewing a trial court's denial of a motion to dismiss, "all contradictions and discrepancies are resolved in the State's favor." *State v. Forbes*, 104 N.C. App. 507, 510, 410 S.E.2d 83, 85 (1991).

Under N.C. Gen. Stat. § 14-100:

(a) If any person shall knowingly and designedly by means of any kind of false pretense whatsoever . . . obtain or attempt to obtain from any person within this State any money . . . with intent to cheat or defraud any person of such money . . . such person shall be guilty of a felony . . . .

Our Supreme Court, in interpreting this statute, has expressly held that "the crime of obtaining property by false pretenses . . . [is] defined as follows: (1) a false representation of a subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which one person obtains or attempts to obtain value from another." *State v. Cronin*, 299 N.C. 229, 242, 262 S.E.2d 277, 286 (1980) (citation omitted).

Defendant contends the State failed to present any evidence that the victim, Mr. Ward, was actually deceived by defendant's false representations.[1] As a basis for that contention, defendant asserts that Mr. Ward's suspicion that the cameras were stolen, coupled with the fact that the cameras were actually stolen, proves that the victim, Mr. Ward, was not, in fact, deceived. Defendant's argument, however, relies on a retrospective interpretation of the facts. At the time of the transaction, Mr. Ward did not know that the cameras were stolen. In fact, Mr. Ward testified that he "called Detective Cole and told him that [he] had some cameras there that he needed to look at." Although Mr. Ward had a suspicion that the cameras were stolen, Mr. Ward's testimony, when viewed in the light most favorable to the State, reasonably permits a jury to make an inference that Mr. Ward called Detective Cole in order to confirm that the items were not stolen property. As this inference is reasonable, and adequate to support the conclusion that Mr. Ward was, in fact, deceived, this assignment of error is overruled. *See State v. Edwards*, 150 N.C. App. 545, 547, 563 S.E.2d 288, 290 (2002).

No Error.

Judge CALABRIA concurs.

Judge HUDSON dissents.

---

1. On appeal, however, defendant does not argue the State failed to present sufficient evidence that defendant (1) made a false representation which was (2) calculated and intended to deceive by which (3) defendant obtained value from Mr. Ward.

HUDSON, Judge, dissenting.

Having thoroughly scrutinized the transcript of the defendant's trial, I find no evidence or testimony to support the element of these offenses that the alleged victim be actually deceived. The alleged victim was Tim Ward, the proprietor of the pawn shop in which the cameras were sold. He testified that when the defendant showed him the cameras, he was immediately suspicious that they were stolen, because one of them had a security device still attached. As soon as the defendant left the shop, Ward put the cameras "in the back" and called the Sheriff. He had given the defendant money for the cameras, for which he knew he would be reimbursed pursuant to his arrangement with the Sheriff's department, and he did not lose any money. He did not display the cameras for sale.

When asked why he accepted the cameras in November, in light of his suspicions, Ward responded: "Well, because I work closely with the Sheriff's Department and I wanted to, you know, if they were stolen, I wanted to give them back to the owners." Ward went on to testify, when asked if he knew who owned the cameras, that he "pretty much knew," at the time of defendant's December visit to the shop, because he had talked with Mr. Cole and "I knew that there was a problem with them." Mr. Ward did not testify that he was deceived, or that he even considered the possibility that the cameras were not stolen. Thus, even in the light most favorable to the State, I see no evidence from which a jury could infer that Mr. Ward was in fact deceived. Therefore, I respectfully dissent.