STATE OF NORTH CAROLINA v. MAJOR GIVENS

———————————

STATE OF NORTH CAROLINA v. CLEVELAND CANTY

No. 885SC1318

(Filed 15 August 1989)

**1. Narcotics § 4.4— possession with intent to sell or deliver cocaine—constructive possession—insufficiency of evidence**

The trial court erred in failing to dismiss charges against one defendant of possession with intent to sell or deliver cocaine and manufacturing cocaine where the State relied on the theory of constructive possession of cocaine seized from a "drink house" and pool hall, but there was no evidence that the building was under the control of defendant and no evidence that he owned or leased the building; and there was some evidence that defendant knew that there was cocaine in the building and that he had come to receive some drugs, but this was not substantial evidence that defendant had the capability to maintain control and dominion over one gram or more of cocaine.

STATE v. GIVENS

[95 N.C. App. 72 (1989)]

2. **Narcotics § 4.3— constructive possession of cocaine—sufficiency of evidence**

Evidence was sufficient to allow the jury to find that one defendant had constructive possession of cocaine found in a "drink house" and pool hall where it tended to show that, prior to officers' entry to execute a search warrant, defendant answered a knock at the door and informed the person outside that they were closed and were not selling beer; defendant was arrested in the same room where police found cocaine in plain view; defendant had arrived at the building with cocaine in his possession, used cocaine while on the premises, and "dumped" his cocaine in the building when police arrived; and police found a set of scales on defendant's person when he was searched.

3. **Narcotics § 3.1— possession with intent to sell and deliver cocaine—prior sales of alcohol at scene of arrest—evidence improperly admitted—defendant not prejudiced**

In a prosecution for possession with intent to sell and deliver cocaine and manufacturing cocaine, the trial court erred in admitting evidence concerning prior sales of alcohol at the building where defendant was arrested and searched, but defendant failed to show that there was a reasonable possibility that he was prejudiced as a result of the admission of this testimony. N.C.G.S. § 8C-1, Rule 401.

4. **Narcotics § 3.1— scales found on defendant—characterization as common drug paraphernalia—defendant not prejudiced**

Defendant was not prejudiced by testimony of a police officer that scales found on defendant's person were used "to weigh very light objects" and were "common drug paraphernalia." N.C.G.S. § 8C-1, Rule 701.

5. **Narcotics § 3.1— cocaine seized outside building where defendant arrested—limiting instruction proper—cocaine found inside building properly admitted**

The trial court properly instructed the jury not to consider as evidence cocaine seized from a car parked outside the building where defendant was arrested, and any possible prejudice to defendant by admission of the evidence was cured by the court's instructions; furthermore, evidence was sufficient to infer defendant's constructive possession of other co-

caine found in the building where he was arrested, and cocaine seized from the building was therefore properly admitted.

APPEAL by defendants from *Fountain, Judge.* Judgments entered 13 July 1988 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 18 May 1989.

These are criminal cases involving constructive possession of cocaine. Defendants were charged and tried jointly for possession with intent to sell or deliver cocaine and manufacturing cocaine. Defendants Givens and Canty were both at a "drink house" and pool hall when police entered the building and executed a search warrant. Two others, Mallette and Allen, were in the building as well. Mallette and Allen previously pled guilty to charges stemming from the search of the premises and testified here on behalf of the State.

The State's evidence tended to show that on the evening of 20 November 1987 Mallette and Allen were in the back room of a building located at 620 Campbell Street, Wilmington, North Carolina. Mallette had a key to the building that he testified he received from Allen. Defendant Canty arrived at the building some time later. The State's evidence tended to show that Allen was going to give Canty some cocaine. Givens arrived some time after Canty. Mallette and Allen testified that Givens had in his possession a few small bags of cocaine when he arrived and that he "dumped" the bags when the police knocked on the door. Allen testified that he, Mallette, Givens and Canty were all in the back room of the building, the cocaine was on the table and they were "getting high." Allen also testified that Canty was "waiting for his" at the time the police arrived.

The State's evidence also tended to show that the white powder found during the search of the building and a Volkswagen automobile parked outside the building was cocaine. Exhibit #4 consisted of a total of 1.16 grams of undiluted cocaine packaged in eighteen (18) bags which were found in a jacket pocket. At trial, Mallette testified that the jacket belonged to him. Exhibit #5 consisted of five (5) bags, each containing approximately 1.25 grams of undiluted cocaine. The total weight of the powder in Exhibit #5 was 5.9 grams. These five (5) bags were found lodged among the spokes of a bicycle wheel in the building. There was no evidence presented regarding ownership of the bicycle. When the police entered the

STATE v. GIVENS

[95 N.C. App. 72 (1989)]

building, Canty was the person standing nearest to the bicycle. Exhibit #6 consisted of undiluted cocaine in two (2) bags of approximately seven (7) grams each and two (2) bags of approximately one and one-half (1.5) grams each. The total weight of Exhibit #6 was approximately 18 grams. Exhibit #6 was found in the Volkswagen automobile parked outside the building. Allen testified that he was driving the Volkswagen the evening of the search.

At the close of the State's evidence defendants Canty and Givens made motions to dismiss the charges for lack of evidence. The trial court denied both motions. Both defendants offered evidence. Defendant Givens testified that he did not have any cocaine with him when he arrived that evening but he admitted using some cocaine while he was there. Defendant Canty testified that he was driving to his girlfriend's house when he observed Allen's car parked at 620 Campbell Street. Canty stopped to see Allen because Allen owed him $35.00. Canty testified that when the police knocked on the door and the four men left the back room where they had been sitting, Allen walked behind Canty and placed some cocaine in the bicycle wheel. Canty also testified that he did not have any drugs in his possession at any time.

At the close of defendants' evidence and the close of all the evidence both defendants renewed their motions to dismiss. The motions were denied but the trial court submitted to the jury only the charge of unlawful possession of more than one gram of cocaine. The jury found both defendants guilty. Both defendants appeal from judgments entered on the verdicts.

*Attorney General Thornburg, by Assistant Attorney General Kathryn Jones Cooper, for the State.*

*Kenneth B. Hatcher for defendant-appellant Canty.*

*J. H. Corpening, II, for defendant-appellant Givens.*

EAGLES, Judge.

Among other arguments both defendants assign as error the denial of their motions to dismiss. After careful review of the record we find that the trial court erred in denying Canty's motion to dismiss. Accordingly, we reverse the judgment in defendant Canty's case. As to the denial of defendant Givens' motions to dismiss, we find no error. Additionally, Givens argues that his motion for appropriate relief was erroneously denied. He also ar-

gues that testimony by an arresting officer regarding prior visits to the premises searched and the "common use" of scales found on Givens' person was erroneously admitted. Givens also assigns as error the admission of exhibits 4, 5 and 6 into evidence. We are not persuaded by Givens' arguments and accordingly in his trial find no error.

## I. Canty's Appeal

[1] Canty argues that the trial court erred in failing to dismiss the charges against him. G.S. 90-95(a)(3) provides that it is unlawful for any person to possess a controlled substance. Possession of one gram or more of cocaine is a Class I felony. G.S. 90-95(d)(2). "Felonious possession of a controlled substance has two essential elements. The substance must be possessed, and the substance must be 'knowingly' possessed." State v. Rogers, 32 N.C. App. 274, 278, 231 S.E.2d 919, 922 (1977). The State relies on the theory of constructive possession by Canty of the 1.16 grams of cocaine seized from the jacket found in the small back room and 5.9 grams found in the bicycle wheel. Defendant argues there was no evidence that he possessed one gram or more of cocaine.

"The doctrine of constructive possession applies when a person lacking actual physical possession nevertheless has the intent and capability to maintain control and dominion over a controlled substance." State v. Baize, 71 N.C. App. 521, 529, 323 S.E.2d 36, 41 (1984), disc. rev. denied, 313 N.C. 174, 326 S.E.2d 34 (1985). Where controlled substances are found on the premises under the defendant's exclusive control, this fact alone may be sufficient to give rise to an inference of constructive possession and take the case to the jury. State v. McLaurin, 320 N.C. 143, 146, 357 S.E.2d 636, 638 (1987). However, "where possession of the premises [by defendant] is nonexclusive, constructive possession of the contraband materials may not be inferred without other incriminating circumstances." State v. Brown, 310 N.C. 563, 569, 313 S.E.2d 585, 589 (1984).

In ruling on a motion to dismiss, all evidence admitted must be considered in the light most favorable to the State, giving the State the benefit of all reasonable inferences which can be drawn therefrom. State v. Rasor, 319 N.C. 577, 585, 356 S.E.2d 328, 333 (1987). If there is "substantial evidence" of each element of the charged offense, the motion should be denied. State v. Bullard, 312 N.C. 129, 160, 322 S.E.2d 370, 387 (1984). " 'Substantial evidence'

is that amount of relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Cox*, 303 N.C. 75, 87, 277 S.E.2d 376, 384 (1981). Evidence of constructive possession is sufficient if it would allow a reasonable mind to conclude that the defendant had the intent and capability to maintain control and dominion over the contraband. *State v. Beaver*, 317 N.C. 643, 648, 346 S.E. 2d 476, 480 (1986).

Considering the evidence in the light most favorable to the State, there is no substantial evidence that the building was under the control of defendant Canty. First, there is no evidence that Canty owned the building. Furthermore, there is no evidence that Canty leased the premises or otherwise exercised any control over the building. The only key found that fit the lock on the front door was found in Mallette's possession. Mallette testified that he received the key from Allen. Although there is evidence that Canty knew that there was cocaine in the building, that he was "waiting for his" and "he come [sic] to receive some drugs," this is not substantial evidence that Canty had the capability to maintain control and dominion over one gram or more of cocaine. *See Brown*, 310 N.C. at 569-70, 313 S.E.2d at 589 (sufficient control shown where defendant had on his person a key to the residence being searched and on every occasion the police observed defendant prior to the date of the search defendant was at the residence in question); *State v. Allen*, 279 N.C. 406, 412, 183 S.E.2d 680, 684-85 (1971) (sufficient control shown where utilities at the residence were in defendant's name, personal papers including an Army identification card bearing defendant's name were found on the premises and evidence that drugs belonged to defendant and were being sold at defendant's direction); *State v. Rich*, 87 N.C. App. 380, 382, 361 S.E.2d 321, 323 (1987) (sufficient control shown where defendant was seen on the premises the evening before the search, seen cooking dinner on the premises on the night of the search, mail was found on the premises addressed to the defendant and an insurance policy listing the premises in question as defendant's residence was also found on the premises). For this reason the trial court erred in denying Canty's motion to dismiss. Because of our determination of this issue we need not discuss the other issues raised in Canty's appeal.

## II.  Givens' Appeal

[2]   Givens' first argument is that the trial court erred in denying his motions to dismiss. Givens asserts there was insufficient evidence on which his conviction could be based. For the same reason, Givens argues his motion for appropriate relief was erroneously denied. We disagree.

The State relied on the theory of constructive possession. As stated above, where control of the premises is nonexclusive, constructive possession may not be inferred "without other incriminating circumstances." *Brown*, 310 N.C. at 569, 313 S.E.2d at 589. Evidence of constructive possession is sufficient if it would allow a reasonable mind to conclude that the defendant had the intent and capability to maintain control and dominion over the contraband. *Beaver*, 317 N.C. at 648, 346 S.E.2d at 480.

There is some evidence that Givens exercised some control over the premises searched. The evidence showed that prior to the officers' entry to execute the search warrant, Givens answered a knock at the door and informed the person outside that they were closed and were not selling beer. Additionally, there are other incriminating circumstances sufficient to permit the jury to infer constructive possession. Defendant was arrested in the same room where police found cocaine in plain view. A defendant's presence on the premises and close proximity to a controlled substance is a circumstance which may support an inference of constructive possession. *See State v. Harvey*, 281 N.C. 1, 187 S.E.2d 706 (1972). Additional incriminating circumstances were shown through evidence tending to show that Givens arrived with an amount of cocaine in his possession, that he used cocaine while on the premises and he "dumped" his cocaine in the building when the police arrived. We also note that when Givens was searched, officers found a set of scales in his pocket. We find that these circumstances when considered together are sufficient to allow a reasonable mind to conclude that Givens had constructive possession of the cocaine found in the building. Givens' motions to dismiss and for appropriate relief based on insufficient evidence were properly denied.

[3]   Givens also argues that the trial court erred in allowing testimony regarding an officer's prior visits to the premises searched. The officer testified that on two occasions prior to the search he had gone to 620 Campbell Street and purchased alcohol. The officer also testified that Givens was not on the premises on either occa-

sion. Givens asserts that the evidence was prejudicial to him. The State argues that the testimony was background in nature and was admitted to show the basis for obtaining the search warrant. Additionally, the State asserts that even if the testimony was erroneously admitted, Givens has not shown he was prejudiced.

Rule 401 provides that relevant evidence is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." G.S. 8C-1, Rule 401. The testimony regarding prior sales of alcohol at the premises searched was irrelevant in Givens' trial for manufacturing cocaine and possession of cocaine with intent to sell or deliver. The testimony was erroneously admitted. The test for prejudicial error, however, "is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." *State v. Heard*, 285 N.C. 167, 172, 203 S.E.2d 826, 829 (1974). *See also* G.S. 15A-1443. Givens has not shown that there is a reasonable possibility that he was prejudiced as a result of the admission of this testimony.

**[4]** Givens' third argument is that the trial court erred in allowing testimony regarding the "common use" of scales found by the police during the search of Givens. Givens asserts the testimony was not responsive to the prosecutor's question and the officer's opinion was without "qualification . . . or foundation." Defendant's arguments are without merit.

The question presented to the officer by the prosecutor was "can you describe what that object is?" The officer answered, after Givens' objection was overruled, that the exhibit was "a scale commonly used to weigh very light objects." The officer went on to relate that the scales were "common drug paraphernalia." The officer's answer was responsive to the question asked.

Rule 701 provides that opinion testimony from a lay witness is limited to opinions which are "rationally based on the perception of the witness" and are helpful to the jury. G.S. 8C-1, Rule 701. A lay witness must have a basis of personal knowledge for his opinion. However, a "[p]reliminary determination of personal knowledge need not be explicit but may be implied from the witness' testimony." G.S. 8C-1, Rule 602, commentary. There is no showing in the record that the officer had a basis for his opinion testimony.

However, defendant Givens has not shown he was prejudiced by the admission of the testimony.

[5] Defendant Givens' final argument is that the trial court erred in admitting State's exhibits 4, 5, and 6 into evidence. These exhibits consisted of the cocaine that was seized during the search of 620 Campbell Street and the Volkswagen car parked outside. Givens' argument is based on the asserted lack of evidence of Givens' possession of the cocaine. With respect to exhibit 6, the cocaine found in the car, the trial court correctly instructed the jury not to consider that evidence. "It is well-settled in this jurisdiction that when the court withdraws incompetent evidence and instructs the jury not to consider it, any prejudice is ordinarily cured." *State v. Smith*, 301 N.C. 695, 697, 272 S.E.2d 852, 855 (1981). We find that any possible prejudice to defendant was cured by the court's instructions. We also find that the evidence presented was sufficient to infer Givens' constructive possession of the other cocaine which was found inside the building. Therefore exhibits 4 and 5 were properly admitted.

For the reasons stated above, defendant Canty's conviction is reversed and we find no prejudicial error in defendant Givens' trial.

Canty—reversed.

Givens—no error.

Judges PARKER and ORR concur.