STATE OF NORTH CAROLINA v. IDELLA SARAH GLOVER

No. COA02-447

(Filed 18 February 2003)

**1. Motor Vehicles— misdemeanor death by motor vehicle— motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of misdemeanor death by motor vehicle, because: (1) defendant's statement was sufficient to establish that she was the driver of the vehicle which collided with a truck;

STATE v. GLOVER

[156 N.C. App. 139 (2003)]

(2) the State presented sufficient evidence on the issue of decedent's identity as the driver of a car involved in the accident; and (3) there was sufficient evidence from which a jury could reasonably determine defendant's action in crossing the center line created a series of collisions which ultimately caused decedent's death.

**2. Motor Vehicles— misdemeanor death by motor vehicle— jury instruction—sudden emergency doctrine**

A defendant in a misdemeanor death by motor vehicle case is not entitled to a new trial even though the trial court failed to instruct the jury on the sudden emergency doctrine, because: (1) although various civil cases have addressed the issue of sudden emergencies in relation to the reasonableness of a defendant's actions, defendant has failed to cite a single criminal case establishing such an exception specific to N.C.G.S. § 20-146, which makes it illegal to drive left of the center of a highway; and (2) even if such an exception to the statute existed, defendant failed to establish the accident was not proximately caused, at least in part, by her failure to keep a proper lookout or the fact that she was traveling at an unsafe following distance given the wet conditions of the road.

**3. Criminal Law— guilty plea—failure to timely notify DMV of change of address—court's failure to comply with statutory requirements**

A defendant's plea of guilty of failure to timely notify the Department of Motor Vehicles (DMV) of a change of address must be vacated based on the trial court's failure to comply with N.C.G.S. §§ 15A-1022 and 15A-1026, because: (1) the record contains no transcript of the plea nor an indication, oral or written, that the trial court ever personally addressed defendant regarding the issues contained in N.C.G.S. § 15A-1022; and (2) there was more than technical non-compliance where there is no indication in the record of compliance nor does the record contain any factual basis for the plea from which the Court of Appeals may evaluate whether it was properly accepted.

Appeal by defendant from judgments entered 24 October 2001 by Judge Herbert O. Phillips, III, in New Hanover County Superior Court. Heard in the Court of Appeals 29 January 2003.

STATE v. GLOVER

[156 N.C. App. 139 (2003)]

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Tracy C. Curtner, for the State.*

*Jarvis John Edgerton, IV, for defendant-appellant.*

MARTIN, Judge.

Idella Sarah Glover ("defendant") appeals convictions of misdemeanor death by motor vehicle and failure to timely notify the Department of Motor Vehicles of a change in address. Defendant's convictions arose out of a multiple-car collision that occurred at approximately 7:00 a.m. on 14 December 2000. Melanie Van Leuven died as a result of injuries sustained in the collision.

The State's evidence tended to show that at that time, defendant was operating her gray Cadillac in the inner southbound lane of South College Road in Wilmington, North Carolina. Defendant was traveling approximately one car length behind the preceding car at about 35 to 40 miles per hour in damp conditions. According to defendant's statement to investigators, the car in front of her stopped quickly, causing her to swerve to the left to avoid a rear-end collision. The State presented the testimony of Officer Thomas Donelson of the Wilmington Police Department, who was accepted by the court as an expert in accident reconstruction. Based on witness interviews and the physical evidence, including the nature and location of gouge marks and debris in the road, paint transfer between vehicles, and the state and location of the vehicles, Officer Donelson concluded that defendant had swerved from her southbound lane into oncoming traffic in the northbound lane of South College Road; that when she did so, her vehicle collided with the tail-end of a green truck driven by Gene Addison approximately four feet into the inner-most northbound lane; that the collision propelled Addison's truck into oncoming traffic in the southbound lanes; that the truck then collided with the front driver's side of a blue Saturn being driven by Van Leuven; that the collision caused the Saturn to spin and collide with a second truck driven by John Powell; and that the Saturn then came to rest facing north by a utility pole near the outer southbound lane. Officer Donelson's testimony was corroborated by that of Addison, who testified that he observed a gray car in the southbound lane going too fast to avoid hitting the car in front of it; that it instead crossed the center lane and hit his truck while he was traveling in the inner northbound lane; and that this propelled the front of his truck into oncoming southbound traffic, where he collided with various vehicles.

Officer Donelson also testified defendant confessed to having had to swerve to avoid hitting the car in front of her, but denied having crossed into the northbound lanes, maintaining instead that she never left the southbound turn lane. Officer Donelson testified defendant's version of the events was inconsistent with the physical evidence, including the location of debris and gouge marks attributable to the Cadillac located four feet into the inner northbound lane and the absence of any such physical evidence in the southbound turn lane.

Defendant did not present any evidence, but moved to dismiss the charge of misdemeanor death by motor vehicle at the close of the evidence. The trial court denied the motion, and on 24 October 2001, the jury returned a verdict of guilty on that charge. Defendant was sentenced thereon, in addition to the charge of failure to timely notify the DMV of an address change, to which defendant had previously pled guilty. Defendant appeals, bringing forth five assignments of error contained in three arguments, thereby abandoning the remaining seven assignments of error of record. *See* N.C.R. App. P. 28(a) (2002).

I.

[1] Defendant first argues the trial court erred in denying her motion to dismiss the charge of misdemeanor death by motor vehicle because the State failed to prove (1) defendant was driving the vehicle which crossed the center line and collided with Addison's truck; and (2) Van Leuven was driving the blue Saturn involved in the accident. We disagree.

The dispositive issue in reviewing a motion to dismiss on the ground of sufficiency of the evidence is whether substantial evidence exists as to each essential element of the offense charged and of the defendant being the perpetrator of that offense. *State v. Barden*, 356 N.C. 316, 351, 572 S.E.2d 108, 131 (2002). "The existence of substantial evidence is a question of law for the trial court, which must determine whether there is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* The court must "consider the evidence in the light most favorable to the State, take it to be true, and give the State the benefit of every reasonable inference to be drawn therefrom." *State v. Martin*, 309 N.C. 465, 480, 308 S.E.2d 277, 286 (1983). The evidence may be direct, circumstantial, or both. *Barden*, 356 N.C. at 351, 572 S.E.2d at 131.

Defendant first asserts there was a complete absence of evidence tending to show she was the driver of the Cadillac which swerved into

Addison's lane of travel. However, Officer Donelson read into evidence without objection from defendant a written statement by her acknowledging that she was traveling in the southbound lane of South College Road at the relevant location, that the car ahead of her stopped suddenly, and that to avoid hitting the car, she swerved into the southbound turn lane where the front left of her car collided with a northbound green truck. Despite defendant's statement that she did not actually swerve into the northbound lane, which statement Officer Donelson testified was incompatible with the physical evidence, defendant's statement is nonetheless sufficient to establish she was the driver of the gray car which collided with Addison's green truck. In addition, Addison testified he observed a gray car in the southbound lane going too fast to avoid hitting a car which had stopped in front of it, that the car had to swerve to avoid a rear-end collision, and that when doing so, it collided with his vehicle. Giving the State the benefit of all reasonable inferences, the evidence as to defendant's identity as the driver of the gray car which collided with Addison's truck was sufficient to submit the issue to the jury.

Defendant also argues the State failed in its burden to show the decedent, Van Leuven, was the person driving the blue Saturn involved in the accident. Officer Donelson identified the blue Saturn involved in the accident as Van Leuven's vehicle. Moreover, Dr. William Atkinson, the first doctor on the scene, stated he attended to Van Leuven while she was trapped in the driver's seat of her car, which was facing north at the side of the outer southbound lane by a utility pole. Defendant attempts to cast doubt on whether this car was the blue Saturn involved in the accident at issue by pointing out that Dr. Atkinson believed the damage to the front driver's side of Van Leuven's vehicle appeared to be caused by the utility pole by which the car came to a rest, whereas Officer Donelson testified the utility pole did not cause the damage to the blue Saturn. Thus, defendant argues, the only way to reconcile this testimony is to conclude the blue Saturn involved in the accident as described by Officer Donelson and the car in which Dr. Atkinson found Van Leuven were not the same vehicle.

Defendant's argument must fail, though, as it ignores the evidence that both Dr. Atkinson and Officer Donelson described Van Leuven's vehicle as being in the same location, i.e., facing north by a utility pole near the outer most southbound lane. Moreover, Officer Donelson testified that he too initially believed the damage to the front driver's side of the blue Saturn may have been caused by the

utility pole; however, upon further analysis of the physical evidence, including the paint transfer between the Saturn and Addison's truck, and the fact there was "no paint transfer or any type of damage on the [utility] pole . . . consistent with a collision," as well as witness interviews, Officer Donelson concluded the damage was actually caused by the collision with Addison's truck. Thus, what defendant suggests is contradictory evidence is easily reconcilable given the fact Dr. Atkinson was not testifying as an expert in accident reconstruction. The State presented sufficient evidence on the issue of Van Leuven's identity as the driver of the blue Saturn involved in the accident. Taken in the light most favorable to the State, there was sufficient evidence from which a jury could reasonably determine defendant's action in crossing the center line created a series of collisions which ultimately caused Van Leuven's death. These assignments of error are therefore rejected.

## II.

[2] In her second argument, defendant maintains she is entitled to a new trial because the trial court refused to instruct the jury on what defendant terms "the sudden emergency doctrine." Defendant requested that the trial court instruct the jury in accordance with North Carolina Pattern Jury Instruction 310.10, entitled Compulsion, Duress, or Coercion, inserting the term "sudden emergency" in the place of "compulsion," "duress," or "coercion." The pattern instruction provides:

> There is evidence in this case tending to show that the defendant acted only because of [compulsion] [duress] [coercion]. The burden of proving [compulsion] [duress] [coercion] is upon the defendant. It need not be proved beyond a reasonable doubt, but only to your satisfaction. The defendant would not be guilty of this crime if his actions were caused by a reasonable fear that he (or another) would suffer immediate death or serious bodily injury if he did not commit the crime. His assertion of [compulsion] [duress] [coercion] is a denial that he committed any crime. The burden remains on the State to prove the defendant's guilt beyond a reasonable doubt.

N.C.P.I. Crim. 310.10.

Although various civil cases have addressed the issue of sudden emergencies in relation to the reasonableness of a defendant's actions, defendant has failed to cite a single criminal case establishing such an exception specifically to G.S. § 20-146 (making it illegal to

drive left of the center of a highway). Even conceding the recognition of such an exception to the statute, it is well-established that in order to be entitled to an instruction on sudden emergency, a defendant is required to establish not only the existence of an emergency requiring immediate action to avoid injury, but also that the emergency was not created by negligence on the part of the defendant. *See McDevitt v. Stacy*, 148 N.C. App. 448, 559 S.E.2d 201 (2002). "In other words, a person may lose control of his vehicle responding to a sudden emergency, but a defendant may not assert the sudden emergency doctrine as a defense where the sudden emergency was caused, at least in part, by defendant's negligence in failing to maintain the proper lookout or speed in light of the roadway conditions at the time." *Allen v. Efird*, 123 N.C. App. 701, 703, 474 S.E.2d 141, 143 (1996), *disc. review denied*, 345 N.C. 639, 483 S.E.2d 702 (1997).

In the present case, defendant presented no evidence. The State's evidence tended to show defendant was traveling one car length behind the vehicle in front of her at approximately 35 to 40 miles per hour in damp conditions. Even if the accident was in part due to the negligence of the drivers in front of defendant who stopped suddenly, defendant failed to establish that the accident was not proximately caused, at least in part, by her failure to keep a proper lookout or the fact she was traveling at an unsafe following distance given the wet conditions of the road. Accordingly, she was not entitled to an instruction on sudden emergency.

III.

[3] In her third and final argument, defendant asserts her conviction for failure to timely notify the DMV of a change in address must be vacated because the trial court failed to comply with G.S. § 15A-1022 and 15A-1026. We must agree.

Under G.S. § 15A-1022, a trial court may not accept a guilty plea from a defendant without first addressing the defendant personally and, among other things, informing her of her right to remain silent and her right not to plead guilty; ascertaining whether she understands the nature of the charge to which she is pleading guilty, as well as her maximum possible sentence under the plea; determining whether she was satisfied with her counsel; and determining if the defendant was improperly pressured regarding the plea and that the plea is a product of informed choice. N.C. Gen. Stat. § 15A-1022(a); (b) (2002). Additionally, a trial court may not accept a guilty plea without first determining whether there exists a

factual basis for the plea, which basis may be demonstrated by such things as a statement of facts by the prosecutor or defense counsel, a written statement by the defendant, or sworn testimony. N.C. Gen. Stat. § 15A-1022(c). A verbatim record of the defendant's plea must be preserved, including "the judge's advice to the defendant, and his inquiries of the defendant, defense counsel, and the prosecutor, and any responses." N.C. Gen. Stat. § 15A-1026 (2002).

In the present case, the transcript reveals that prior to jury selection, the State and defense counsel engaged in an off-the-record bench conference, after which the trial court announced for the record that defendant wished to plead guilty to failure to timely notify the DMV of her address change, and that the plea would be addressed at a later time. Defendant's trial on misdemeanor death by motor vehicle proceeded. Afterwards, upon the jury's verdict, the trial court held discussions on sentencing. The prosecutor asked to be heard on the charge to which defendant "pled guilty right before the trial," and proceeded to discuss appropriate sentences for the charges. The record contains no transcript of the plea nor any indication, oral or written, that the trial court ever personally addressed defendant regarding the issues contained in G.S. § 15A-1022. Nor does the record indicate any evidence or statement of facts presented by the State with respect to the charge, written statement by defendant, testimony regarding the charge, or other factual basis for entry of defendant's plea.

We acknowledge the State's argument, based on this Court's decision in *State v. Hendricks*, 138 N.C. App. 668, 531 S.E.2d 896, (2000), that where a defendant simply alleges technical non-compliance with G.S. § 15A-1022, but fails to show resulting prejudice, vacation of the plea is not required. However, in *Hendricks*, although the record failed to establish that the trial court itself personally addressed defendant as to all statutory factors as required by the statute, the record indicated the trial court did make some of the required inquiries, and further, the transcript of plea between the State and the defendant "covered all the areas omitted by the trial judge." *Id.* at 669-70, 531 S.E.2d at 898. This Court determined any non-compliance with the statute must be viewed in the totality of the circumstances to determine whether it actually affected the defendant's decision to plead or undermined the plea's validity. *Id.* at 670, 531 S.E.2d at 898. In concluding the defendant had shown no prejudice as a result of the non-compliance, this Court relied on the facts that in the transcript of the plea signed by defendant, defendant was questioned as to whether he understood his right to remain silent as well as the nature

of the charges against him, to which he answered affirmatively; that the defendant was also asked whether the plea was the result of any improper threats or promises, to which he answered no; and that the worksheet attached to the transcript of plea listed the maximum possible punishment for the offenses.

In contrast, in this case, there is no indication in the record of compliance, even in part, with G.S. § 15A-1022 or 15A-1026, nor does the record contain any transcript of plea or indicate any factual basis for the plea from which this Court may evaluate whether it was properly accepted. We believe such an absence constitutes more than mere "technical" non-compliance, and is sufficient to establish prejudice to defendant.

The judgment and sentence in 00-CRS-061749 for defendant's failure to timely notify the DMV of an address change is hereby vacated and the matter remanded for further proceedings in accordance with G.S. § 15A-1022 and 15A-1026. Defendant's conviction and sentence for misdemeanor death by motor vehicle in 00-CRS-061748 is undisturbed.

No error in part; vacated and remanded in part.

Judges HUDSON and STEELMAN concur.