STATE OF NORTH CAROLINA, Plaintiff v. ANDRE LEVERN MILLER, Defendant

No. COA07-1037

(Filed 17 June 2008)

## 1. Drugs— possession of cocaine—motion to dismiss—sufficiency of evidence—constructive possession

The trial court erred by denying defendant's motion to dismiss the charge of possession of cocaine because: (1) constructive possession depends on the totality of circumstances in each case, and mere presence in a room where drugs are located does not itself support an inference of constructive possession; and (2) in the instant case there was no evidence that defendant acted nervously when law enforcement entered or that he made any motion to attempt to hide anything, there was no evidence that defendant owned any of the items found near the contraband, the presence of defendant's birth certificate in the room in the absence of any other evidence of defendant's residence was not sufficient to show that defendant resided on the premises where the cocaine was found, defendant's relative proximately to the cocaine on the bed raised nothing more than mere suspicion given that the bed was extremely messy thus making the small cocaine rock very difficult to see, the cocaine on the bed was not in plain view, and the bag of cocaine behind the door could have been there for weeks.

## 2. Sentencing— habitual felon—underlying felony dismissed

Defendant's conviction for attaining the status of an habitual felon is vacated based on the dismissal of a charge for possession of cocaine.

Judge TYSON dissenting.

Appeal by defendant from judgment entered on or about 15 February 2007 by Judge Catherine C. Eagles in Forsyth County Superior Court. Heard in the Court of Appeals 17 January 2008.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Stanley G. Abrams, for the State.*

*Paul F. Herzog for defendant-appellant.*

STATE v. MILLER

[191 N.C. App. 124 (2008)]

STROUD, Judge.

Defendant Andre Levern Miller appeals from judgment entered upon jury verdicts finding him guilty of possession of cocaine and attaining habitual felon status. Defendant contends that the State presented insufficient evidence of possession of cocaine, and therefore the trial court erred by failing to dismiss that charge. After careful review of the record, we agree with defendant. Accordingly, we reverse the order of the trial court denying defendant's motion to dismiss the charge of possession of cocaine and remand to the trial court with instructions to dismiss.

## I. Background

The State presented evidence at trial tending to show the following: On 8 December 2005 Winston-Salem police officers entered the home at 1924 Dacian Street. Inside, the officers discovered defendant and one other person in a small bedroom in the home. The bedroom contained a bed, a TV stand, and a chair. The foot of the bed was about three feet from the door. The bed was extremely messy, unmade, with bedding of light colors and a floral bedspread on top. Defendant was sitting on the bed, and the other person was sitting in a chair. Upon searching the room the officers discovered a plastic bag containing crack cocaine behind the door and a "rock" of crack cocaine among the folds of the bedding, tied up in a small corner cut from a plastic bag. Defendant's birth certificate and driver license were on the TV stand in the bedroom.

On 1 May 2006, the Forsyth County Grand Jury indicted defendant for maintaining a place to keep a controlled substance, possessing cocaine with the intent to sell and deliver, and attaining the status of habitual felon. Defendant was tried before a jury in Forsyth County Superior Court from 12 to 13 February 2007, Judge Catherine C. Eagles presiding. At the close of the State's evidence, defendant moved to dismiss all charges. The trial court granted defendant's motion to dismiss the charge of maintaining a place to keep a controlled substance, but denied his motion to dismiss the cocaine possession charge. Defendant renewed his motion to dismiss at the close of all the evidence, and the trial court again denied the motion. Defendant was found guilty of possession of cocaine and attaining habitual felon status. The trial court sentenced defendant to 107 to 138 months. Defendant appeals.

## II. Discussion

**[1]** Defendant contends that the trial court erred in denying his motion to dismiss the charge of possession of cocaine because the State presented insufficient evidence that defendant possessed the cocaine found in the bedroom where he was sitting. We agree.

When ruling on a motion to dismiss for insufficiency of the evidence to sustain a conviction, the trial court must consider the evidence in the light most favorable to the State, drawing all reasonable inferences in its favor. *State v. McCullers*, 341 N.C. 19, 28-29, 460 S.E.2d 163, 168 (1995). Evidence is sufficient to sustain a conviction when "substantial evidence exists as to each essential element of the offense charged and of the defendant being the perpetrator of that offense." *State v. Glover*, 156 N.C. App. 139, 142, 575 S.E.2d 835, 837 (2003). However, "if the evidence is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator, the motion to dismiss must be allowed . . . even [if] the suspicion aroused by the evidence is strong." *State v. Theer*, 181 N.C. App. 349, 356, 639 S.E.2d 655, 660 (citations and quotation marks omitted), *appeal dismissed*, 361 N.C. 702, 653 S.E.2d 159 (2007).

If the defendant is not in actual possession of contraband when it is discovered, the State may survive a motion to dismiss by presenting substantial evidence of constructive possession. *State v. Tisdale*, 153 N.C. App. 294, 297, 569 S.E.2d 680, 682 (2002). "Evidence of constructive possession is sufficient to support a conviction if it would allow a reasonable mind to conclude that defendant had the intent and capability to exercise control and dominion over the drugs." *State v. Carr*, 122 N.C. App. 369, 372, 470 S.E.2d 70, 73 (1996).

The State contends that the following incriminating circumstances are sufficient to show constructive possession: (1) defendant and only one other person were in the room where the cocaine was found, (2) a rock of crack cocaine was found in "plain view" on the bed where defendant had been sitting and the bag of cocaine found behind the door was within a few feet of where defendant had been sitting, and (3) defendant's drivers license and birth certificate were found on a table in the room. The State contends that the case *sub judice* is apposite to *State v. Matias*, where evidence that defendant was the only person who could have stuffed cocaine into the crease in the car seat was sufficient to survive a motion to dismiss. 354 N.C. 549, 556 S.E.2d 269 (2001). Defendant relies on *State v. Acolatse*,

where evidence that a police officer had seen the defendant make a throwing motion toward the bushes but cocaine was found on the roof of a garage not near the bushes, was not sufficient to survive a motion to dismiss. 158 N.C. App. 485, 581 S.E.2d 807 (2003).

"[C]onstructive possession depends on the totality of circumstances in each case." *State v. James*, 81 N.C. App. 91, 93, 344 S.E.2d 77, 79 (1986). "[M]ere presence in a room where drugs are located does not itself support an inference of constructive possession." *Id.* at 96, 344 S.E.2d at 81. However, "a showing by the State of other incriminating circumstances . . . permit[s] an inference of constructive possession." *Carr*, 122 N.C. App. at 372, 470 S.E.2d at 73. Incriminating circumstances which have been identified by this Court and the North Carolina Supreme Court as relevant to constructive possession include evidence that defendant: (1) owned other items found in proximity to the contraband, *State v. Autry*, 101 N.C. App. 245, 252, 399 S.E.2d 357, 362 (1991); (2) was the only person who could have placed the contraband in the position where it was found, *Matias*, 354 N.C. at 552-53, 556 S.E.2d at 271; (3) acted nervously in the presence of law enforcement, *State v. Butler*, 356 N.C. 141, 147-48, 567 S.E.2d 137, 141 (2002); (4) resided in, had some control of, or regularly visited the premises where the contraband was found, *James*, 81 N.C. App. at 95, 344 S.E.2d at 80-81; (5) was near contraband in plain view, *State v. Alston*, 91 N.C. App. 707, 710, 373 S.E.2d 306, 309 (1988); or (6) possessed a large amount of cash, *State v. Neal*, 109 N.C. App. 684, 687-88, 428 S.E.2d 287, 290 (1993).

Viewing the evidence in the light most favorable to the State, the totality of the circumstances in this case is not sufficient to support a finding of constructive possession of cocaine sufficient to survive the motion to dismiss. There was no evidence that defendant acted nervously when law enforcement entered nor that he made any motion to attempt to hide anything. Nor is there evidence that defendant owned any of the items found near the contraband. The presence of defendant's birth certificate in the room does raise a suspicion that defendant resided on the premises where the cocaine was found, but in the absence of any other evidence of defendant's residence, it is not sufficient to prove that defendant lived in the house. Defendant's relative proximity to the cocaine on the bed also raises nothing more that a suspicion, because the bedding was extremely messy, making the small cocaine rock very difficult to see. The cocaine on the bed was not in "plain view" as contended by the State. As properly noted by the trial judge, the bag of cocaine behind the door "could have

been there for weeks." The State's evidence has done nothing more than raise a strong suspicion as to defendant's guilt, and this was not sufficient to survive defendant's motion to dismiss. Accordingly, we reverse and remand with instructions to dismiss charge No. 05CRS042576, possession of cocaine.

[2] Because the trial court erred when it denied defendant's motion to dismiss charge No. 05CRS042576, it lacked jurisdiction to submit to the jury the charge of attaining the status of habitual felon. N.C. Gen. Stat. § 14-7.5; *State v. Smith*, 186 N.C. App. 57, 68, 650 S.E.2d 29, 36 (2007). Accordingly, we vacate defendant's conviction for attaining the status of habitual felon, No. 05CRS064796.

Reversed.

Judge GEER concurs.

Judge TYSON dissents in a separate opinion.

TYSON, Judge dissenting.

The majority's opinion concludes the State failed to present sufficient evidence tending to show defendant constructively possessed two packages of crack cocaine and holds the trial court erred by denying defendant's motion to dismiss the charge of possession of cocaine. The majority's opinion reverses the trial court's order and remands this case with instructions to dismiss the possession of cocaine charge and vacate defendant's habitual felon status. I disagree, vote to affirm the trial court's denial of defendant's motion to dismiss, and find no error in the jury's verdict or the judgment entered thereon. I respectfully dissent.

## I. Standard of Review

The standard for ruling on a motion to dismiss is whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense. Substantial evidence is relevant evidence which a reasonable mind might accept as adequate to support a conclusion. *In ruling on a motion to dismiss, the trial court must consider all of the evidence in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence.* Any contradictions or discrepancies arising

from the evidence are properly left for the jury to resolve and *do not warrant dismissal.*

*State v. Wood,* 174 N.C. App. 790, 795, 622 S.E.2d 120, 123 (2005) (internal citations and quotations omitted) (emphasis supplied).

## II. Analysis

Possession of a controlled substance can be actual or constructive. *State v. Baldwin,* 161 N.C. App. 382, 391, 588 S.E.2d 497, 504-05 (2003). "Constructive possession of a substance applies where the defendant has both the power and intent to control its disposition or use. . . . If the defendant's possession over the premises is nonexclusive, constructive possession may not be inferred without other incriminating circumstances." *State v. Autry,* 101 N.C. App. 245, 251-52, 399 S.E.2d 357, 361-62 (1991) (internal citations and quotations omitted).

"A defendant's presence on the premises and close proximity to a controlled substance is a circumstance which may support an inference of constructive possession." *State v. Kraus,* 147 N.C. App. 766, 770, 557 S.E.2d 144, 148 (2001) (quoting *State v. Givens,* 95 N.C. App. 72, 78, 381 S.E.2d 869, 872 (1989)); *see also State v. Harvey,* 281 N.C. 1, 12-13, 187 S.E.2d 706, 714 (1972) (internal citation and quotation omitted) ("[T]he State may overcome a motion to dismiss or motion for judgment as of nonsuit by presenting evidence which places the accused within such close juxtaposition to the narcotic drugs as to justify the jury in concluding that the same was in his possession."). "[C]onstructive possession depends on the totality of circumstances in each case. No single factor controls, but ordinarily the question will be for the jury." *State v. James,* 81 N.C. App. 91, 93, 344 S.E.2d 77, 79 (1986) (citation omitted).

In *State v. Autry,* this Court affirmed the trial court's denial of a motion to dismiss the defendant's charge of possession with intent to sell or deliver cocaine, where evidence tended to show: (1) the defendant was found standing in a kitchen with two other people in a residence in which he did not live; (2) a .25-caliber semi-automatic pistol, four packages containing cocaine, and $47.00 in cash were located on a table inside the kitchen; (3) the table was surrounded by chairs and within arm's reach of the defendant; and (4) the defendant admitted his jacket was hanging on one of the chairs and the $47.00 in cash belonged to him. 101 N.C. App. at 252, 399 S.E.2d at 362.

Because the defendant in *Autry* claimed ownership of two of the four items on the table, this Court concluded the evidence was sufficient for a reasonable mind to infer that the defendant constructively possessed the cocaine, an essential element of the charge of possession with the intent to sell or deliver cocaine. *Id.* at 252-53, 399 S.E.2d at 362; *see also State v. Brown*, 310 N.C. 563, 570, 313 S.E.2d 585, 589 (1984) (holding the defendant had constructive possession of cocaine based upon evidence tending to show: (1) the defendant was found in the apartment with two other people when officers conducted a search; (2) cocaine was located on a table approximately six to eight inches away from where the defendant was standing when police arrived; and (3) officers recovered a key to the apartment and $1,700.00 in cash from the defendant's pockets).

The factual backgrounds presented in *Autry* and *Brown* are analogous to the facts at bar. The evidence presented at trial tended to show defendant was found with one other person in a small bedroom, located in a residence upon which officers had executed a search warrant. Winston-Salem Police Officer A.J. Santos ("Officer Santos") testified that upon entering the bedroom he observed an individual sitting in a chair located in the "back right corner" of the room. Defendant was sitting on the corner of the foot of the bed facing the door. As officers approached, defendant "slid off the bed onto the floor," approximately one to two feet away from the door.

Once officers had secured the scene, a secondary search was conducted. Officers recovered two plastic bags containing a white, rock-like substance, later shown to be crack cocaine. One package was recovered from behind the door, which both Officer Santos and Detective Paul opined was an area within defendant's reach prior to being handcuffed. A second package of crack cocaine was recovered from the bed where defendant had been seated. Officers also found defendant's driver's license and birth certificate on top of a TV stand located within the bedroom. Finally, a search of defendant's person revealed an undisclosed amount of money in his pockets.

Giving the State the benefit of all reasonable inferences that may be drawn from the evidence, defendant's close proximity to both packages containing crack cocaine and the presence of other items that belonged to and positively identified defendant is sufficient for a reasonable juror to conclude that defendant had the "power and intent" to exercise control over the two packages of cocaine recovered from the bedroom. *Autry*, 101 N.C. App. at 252, 399 S.E.2d at 362.

The State presented "substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." *Wood,* 174 N.C. App. at 795, 622 S.E.2d at 123. The trial court properly denied defendant's motion to dismiss and submitted the possession of cocaine charge to the jury. Because I vote to uphold defendant's possession of cocaine conviction, the trial court also properly submitted defendant's charge of attaining habitual felon status to the jury.

## III. Conclusion

Giving the State the benefit of all reasonable inferences that may be drawn from the facts at bar, sufficient evidence was presented tending to show the cocaine recovered from the bedroom was constructively possessed by defendant. *Id.* I vote to affirm the trial court's denial of defendant's motion to dismiss. The trial court properly submitted defendant's charges of possession of cocaine and attaining the status of habitual felon to the jury. I find no error in the jury's verdict and the judgment entered thereon and respectfully dissent.