STATE OF NORTH CAROLINA, Plaintiff v. SHANNON COWAN, Defendant

No. COA08-470

(Filed 16 December 2008)

**1. Evidence— crimes of family member—irrelevant but not prejudicial**

Testimony about the drug trafficking conviction of defendant's aunt was irrelevant but not prejudicial in defendant's drug trafficking trial. There was no evidence that the aunt's activities had any relationship to the crimes with which defendant was charged, the evidence was minimal, and there was sufficient other evidence to convict defendant.

**2. Drugs— constructive possession—sufficiency of evidence**

Motions to dismiss several drug trafficking and possession of firearms by a felon charges in which possession was challenged were correctly denied where the evidence supported circumstances allowing an inference of constructive possession. Items were found at the house that was searched with defendant's name and the address of the house (including his birth certificate in a closet with the controlled substances), defendant was seen coming out of the bedroom where the controlled substances and firearms were found, defendant was arrested in the house, and defendant told police that he resided at that address.

**3. Drugs— maintaining dwelling—sufficiency of evidence**

The trial court did not err by not dismissing a charge of maintaining a dwelling for keeping or selling controlled substances where there was evidence that defendant resided at the house

and possessed controlled substances, related items, and firearms at that house.

Appeal by defendant from judgments entered on or about 14 November 2007 by Judge John L. Holshouser, Jr. in Superior Court, Rowan County. Heard in the Court of Appeals 8 October 2008.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Thomas H. Moore, for the State.*

*D. Tucker Charns, for defendant-appellant.*

STROUD, Judge.

Defendant was convicted by a jury of eight different offenses related to controlled substances and firearm possession. Defendant appeals arguing the trial court erred in (1) allowing "irrelevant and highly prejudicial" testimony, (2) failing to dismiss six of the charges as the State did not prove the element of "possession," and (3) failing to dismiss the charge of maintaining a dwelling for keeping or selling controlled substances when the State did not prove defendant "ke[pt] or maintained" the property and how he was "using" the property.

## I. Background

On 27 September 2006, members of the Rowan County Sheriff's Department executed a search warrant at 1763-B Flat Rock Road. Defendant was the subject of the search warrant. In the residence, the police found marijuana, cocaine, methamphetamine, firearms, thousands of dollars, and drug paraphernalia including razor blades and digital scales.

On or about 4 December 2006, defendant was indicted for (1) trafficking in cocaine, (2) possession of cocaine with intent to sell, (3) possession of marijuana with intent to sell, (4) possession of methamphetamine with intent to sell and deliver, (5-7) three counts of possession of a firearm by a felon, and (8) maintaining a dwelling used for keeping or selling controlled substances. Defendant was found guilty of all eight offenses. Defendant appeals arguing the trial court erred in (1) allowing "irrelevant and highly prejudicial" testimony, (2) failing to dismiss six of the charges as the State did not prove the element of "possession," and (3) failing to dismiss the charge of maintaining a dwelling for keeping or selling controlled substances when the State did not prove defendant "ke[pt] or maintained" the property and how he was "using" the property.

## II. Testimony Regarding Marlene Chambers

[1] Defendant's first two arguments contend that the trial court erred by allowing testimony, over defendant's objections, from Rahesia Chambers and defendant regarding the drug trafficking trial and conviction of defendant's aunt, Marlene Chambers. Defendant argues that this evidence was "irrelevant and highly prejudicial[.]" We agree that the evidence was irrelevant, but do not conclude that it prejudiced defendant's case.

> Although the trial court's rulings on relevancy technically are not discretionary and therefore are not reviewed under the abuse of discretion standard applicable to Rule 403, such rulings are given great deference on appeal. Because the trial court is better situated to evaluate whether a particular piece of evidence tends to make the existence of a fact of consequence more or less probable, the appropriate standard of review for a trial court's ruling on relevancy pursuant to Rule 401 is not as deferential as the "abuse of discretion" standard which applies to rulings made pursuant to Rule 403.

*Dunn v. Custer*, 162 N.C. App. 259, 266, 591 S.E.2d 11, 17 (2004) (citations and quotation marks omitted).

" 'Relevant evidence' " means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401. "Evidence which is not relevant is not admissible." N.C. Gen. Stat. § 8C-1, Rule 402. We conclude that evidence about defendant's aunt's prior trial and conviction is irrelevant as it does not "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *See* N.C. Gen. Stat. § 8C-1, Rule 401. There was no evidence that Marlene Chambers' criminal activities had any relation whatsoever to the crimes for which defendant was charged. As we deem the testimony regarding Marlene Chambers drug trial and conviction irrelevant, the testimony was inadmissible. *See* N.C. Gen. Stat. § 8C-1, Rule 402.

However,

[a] defendant is prejudiced by errors relating to rights arising other than under the Constitution of the United States when there is a reasonable possibility that, had the error in question not been

committed, a different result would have been reached at the trial out of which the appeal arises.

N.C. Gen. Stat. § 15A-1443(a) (2005). "If the other evidence presented was sufficient to convict the defendant, then no prejudicial error occurred." *State v. Bodden,* 190 N.C. App. 505, 510, 661 S.E.2d 23, 26 (2008). We first note that the evidence contested by defendant regarding Marlene Chambers was very minimal: (1) The State asked Ms. Rahesia Chambers about her mother, Marlene Chambers: "The same mom that I just prosecuted about three months ago for drug trafficking. . . . That's your relative, isn't it?" to which Rahesia stated, "That's my mom." (2) The State asked defendant "Did you give Marlene Chamber's name [to Officer Bebber as your nearest relative] because she's involved in the drug business with you?" Defendant answered, "No, I didn't." The State then asked, "You know she was convicted of trafficking, don't you? . . . And that's why you gave the name, didn't you? She was going to help you out, wasn't she, if you helped her out[,]" to which defendant responded, "No, I wasn't and, no, I didn't." In the course of an eight day trial, these are the only instances of evidence regarding Marlene Chambers or her convictions which defendant has brought to our attention. The irrelevant evidence defendant contested was minimal, and there was sufficient evidence to convict defendant based upon the controlled substances and firearms found in the residence. We therefore do not find that there was a reasonable possibility that the jury would have reached a different result in the absence of this evidence; so defendant was not prejudiced by the irrelevant testimony. *See* N.C. Gen. Stat. § 15A-1443(a); *Bodden* at 510, 661 S.E.2d at 26.

### III. Motions to Dismiss

Defendant contends the trial court erred by failing to grant his motion to dismiss as to six of the charges.

### A. Standard of Review

Our standard of review for the denial of a defendant's motion to dismiss is

> whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied. The evidence is to be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable

inference to be drawn therefrom; contradictions and discrepancies are for the jury to resolve and do not warrant dismissal; and all of the evidence actually admitted, whether competent or incompetent, which is favorable to the State is to be considered by the court in ruling on the motion.

*State v. Estes*, 186 N.C. App. 364, 369, 651 S.E.2d 598, 601-02 (2007) (citation and ellipses omitted), *appeal dismissed and disc. review denied*, 362 N.C. 365, 661 S.E.2d 883 (2008).

B. Possession

**[2]** Defendant's next three arguments contend that the trial court erred in failing to grant defendant's motion to dismiss the charges of trafficking in cocaine, possession of marijuana with intent to sell or deliver, and the three charges of possession of a firearm by a felon, because the State failed to prove the element of "possession" as to all of these charges. Defendant contends that

> [t]he State presented a very weak case of constructive possession. There was no surveillance of this apartment, no eyewitnesses, and no confidential informants. Although there were two envelopes addressed to . . . [defendant] at that address and days later the police said he gave that address when he was arrested, there was nothing to tie him to drugs and guns and the occupancy of Ms. Bennett's apartment the day of the raid.

> None of . . . [defendant's] clothes were in that apartment but there was testimony that the clothing of other men were [sic] in that closet. There was no evidence that . . . [defendant] had been in that apartment around the time of the raid but there was testimony that at least four other people were in that apartment around this time and had access to that closet. No toiletries belonging to . . . [defendant] were found in that apartment. . . . [Defendant] had no key. The lease was not in his name as were none of the utilities. Even in the light most favorable to the State, the State failed to prove the element of possession for these offenses.

However,

> [i]f the defendant is not in actual possession of contraband when it is discovered, the State may survive a motion to dismiss by presenting substantial evidence of constructive possession. Evidence of constructive possession is sufficient to support a

conviction if it would allow a reasonable mind to conclude that defendant had the intent and capability to exercise control and dominion over the drugs.

*State v. Miller,* 191 N.C. App. 124, 126, 661 S.E.2d 770, 772-73 (2008) (citations and quotation marks omitted). "When the substance is found on premises under the exclusive control of the defendant, this fact alone may support an inference of constructive possession. If the defendant's possession over the premises is nonexclusive, constructive possession may not be inferred without other incriminating circumstances." *State v. Autry,* 101 N.C. App. 245, 252, 399 S.E.2d 357, 362 (1991) (citation omitted).

> Constructive possession depends on the totality of circumstances in each case. . . . [A] showing by the State of other incriminating circumstances permits an inference of constructive possession. Incriminating circumstances which have been identified by this Court and the North Carolina Supreme Court as relevant to constructive possession include evidence that defendant: (1) owned other items found in proximity to the contraband, (2) was the only person who could have placed the contraband in the position where it was found, (3) acted nervously in the presence of law enforcement, (4) resided in, had some control of, or regularly visited the premises where the contraband was found, (5) was near contraband in plain view, or (6) possessed a large amount of cash . . . .

*See Miller* at 127, 661 S.E.2d at 773 (citations, quotations, ellipses, and brackets omitted).

Here, the evidence supported at least two of the "incriminating circumstances" which allow an inference of constructive possession. *See id.* First, the State presented evidence that at 1763-B Flat Rock Road the police found, *inter alia,* defendant's birth certificate and a bill with defendant's name on it and noting his address as 1763-B Flat Rock Road in the same closet where the controlled substances were found. The police also found a show cause order directed to defendant and an insurance policy in defendant's name issued only days prior to the search which showed 1763-B Flat Rock Road as his home address. Second, defendant was also arrested at 1763-B Flat Rock Road and was seen coming out of the bedroom where the controlled substances and firearms were found. Defendant also told the police that he resided at 1763-B Flat Rock Road. Viewing the evidence "in the light most favorable to the State[,]" *Estes* at 369, 651 S.E.2d at 602,

we conclude the State presented sufficient evidence of constructive possession through incriminating circumstances, including that defendant "owned other items found in proximity to the contraband," and "resided in, had some control of, or regularly visited the premises where the contraband was found . . . ." *See Miller* at 127, 661 S.E.2d at 773. Therefore, the trial court did not err in denying defendant's motion to dismiss. These arguments are overruled.

C. Maintaining a Dwelling

**[3]** Lastly, defendant argues the trial court erred in failing to dismiss the charge of maintaining a dwelling for keeping or selling controlled substances because

> [t]here was absolutely no evidence that . . . [defendant] contributed in any way to the maintenance of Ms. Bennett's apartment. None of the factors under *Bowens, supra,* are present: no ownership of the property; no occupancy of the property; no repairs to the property; no payment of taxes; no payment of utility expenses; no payment of repair expenses; and no payment of rent. There was no testimony that any of . . . [defendant's] clothing or personal effects were present but there was testimony of other men's clothing. The State failed to prove that . . . [defendant] used Ms. Bennett's apartment in any unlawful way.

Thus, defendant argues the State failed to prove that he "ke[pt] or maintain[ed]" the property and how he was using the property.

N.C. Gen. Stat. § 90-108(a)(7) reads,

It shall be unlawful for any person:

> To knowingly keep or maintain any store, shop, warehouse, dwelling house, building, vehicle, boat, aircraft, or any place whatever, which is resorted to by persons using controlled substances in violation of this Article for the purpose of using such substances, or which is used for the keeping or selling of the same in violation of this Article[.]

N.C. Gen. Stat. § 90-108(a)(7) (2005). *State v. Bowens,* lays out several factors which indicate that an individual is "keep[ing] or maintain[ing]" property pursuant to N.C. Gen. Stat. § 90-108(a)(7) which includes: "ownership of the property; occupancy of the property; repairs to the property; payment of taxes; payment of utility expenses; payment of repair expenses; and payment of rent." 140 N.C. App. 217, 221, 535 S.E.2d 870, 873 (2000) (citation omitted), *disc.*

*review denied*, 353 N.C. 383, 547 S.E.2d 417 (2001). "[O]ccupancy, without more, will not support the element of 'maintaining' a dwelling. However, evidence of residency, standing alone, is sufficient to support the element of maintaining." *State v. Spencer*, 192 N.C. App. 143, 148, 664 S.E.2d 601, 605 (2008) (citations omitted). In *State v. Spencer*, this Court determined that "a purported confession by defendant to police, that defendant resided at the home at 178 Loggerhead Road. . . . was substantial evidence that defendant maintained the dwelling." *Spencer* at 148, 664 S.E.2d at 605 (citation omitted). Here defendant told the police that he resided at 1763-B Flat Rock Road, and thus this is "substantial evidence that defendant maintained the dwelling." *See id.*

Furthermore, as to "use," "[t]he determination of whether a vehicle, or a building, is used for keeping or selling controlled substances will depend on the totality of the circumstances." *State v. Mitchell*, 336 N.C. 22, 34, 442 S.E.2d 24, 30 (1994). In *State v. Rich*, this Court concluded that

> [t]he evidence showing that defendant resided in the house, that she was cooking dinner, and that she possessed cocaine and materials related to the use and sale of cocaine, is sufficient to allow conviction under G.S. 90-108(a)(7) for maintaining a dwelling used for the keeping or selling of controlled substances.

87 N.C. App. 380, 384, 361 S.E.2d 321, 324 (1987).

Here, as in *Rich*, there is evidence defendant resided at 1763-B Flat Rock Road. *See id.* There is also evidence that defendant possessed controlled substances, "materials related to the use and sale" of controlled substances, and firearms at 1763-B Flat Rock Road which "is sufficient to allow conviction under [N.C.]G.S. [§] 90-108(a)(7) for maintaining a dwelling used for the keeping or selling of controlled substances." *See id.* Therefore, the trial court did not err in denying defendant's motion to dismiss as to the charge of maintaining a dwelling for keeping or selling controlled substances, and this argument is overruled.

IV. Conclusion

For the foregoing reasons, we find no prejudicial error.

NO PREJUDICIAL ERROR.

Judges STEELMAN and JACKSON concur.